Sharon RACHBACH, Plaintiff-Appellee and Cross-Appellant,

v.

John M. COGSWELL and Saul N. Davidson, Defendants-Appellants

and

The Public Trustee of the County of Arapahoe, State of Colorado, Defendant.

Nos. 75-1930, 75-1876.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Sept. 22, 1976.

Decided Nov. 18, 1976.

Rehearing Denied in No. 75-1876 Jan. 7, 1977.

Richard H. Right, Denver, Colo. (Howard J. Glicksman, Right, Linn & Glicksman, P. C., Denver, Colo., on the brief), for plaintiff-appellee and cross-appellant.

Phillip C. Gans, Denver, Colo. (Sandra J. Anderson, Denver, Colo., was with him on the brief), for defendants-appellants.

Before HOLLOWAY and BREITEN-STEIN, Circuit Judges and CHRISTEN-SEN, District Judge *.

BREITENSTEIN, Circuit Judge.

This case arises under the Truth in Lending Act, Title I of the Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. The trial court sustained the right of a mortgagor to rescind but gave judgment to an assignee of the mortgagee on a counterclaim. Both parties have appealed. We affirm.

Sharon Rachbach and her husband Peter gave a second trust deed on their home in Arapahoe County, Colorado to secure payment of a $25,000 note to Saul Davidson. In divorce proceedings the home was awarded to the wife. As part payment of a fee for legal services of his attorney Cogswell, Davidson assigned the note and its security to Cogswell. At the time of assignment, the note was in default. Cogswell concedes that he is not a holder in due course.

Cogswell began state foreclosure proceedings. By a suit in state court Rachbach obtained an injunction against the foreclosure.

On May 6, 1975, the day of a hearing in the state case, counsel for Cogswell gave to Sharon Rachbach a written notice on a printed form of the right to rescind. On the same day, Sharon Rachbach signed that portion of the form indicating a cancellation of the loan transaction with Davidson. Cogswell refused to surrender the trust deed without return of the loan proceeds. The instant proceedings were then brought in federal court. Jurisdiction lies under 28 U.S.C. § 1331. The district court ordered Cogswell to surrender the trust deed and gave him judgment against Rachbach on the unpaid balance of the note plus interest. No. 75-1876 is an appeal by Cogswell from that part of the judgment requiring the surrender of the trust deed. No. 75–1930 is an appeal by Rachbach from that portion of the judgment awarding interest on the un-paid balance of the note and denying attorneys' fees to Rachbach.

At the outset, we have a procedural difficulty. Neither party designated the trial transcript for inclusion in the record. The district court docket sheets show that there was a trial in which witnesses testified and exhibits were received. Each party discusses what they assert to be the facts. Without the trial transcript we cannot review the trial court's fact findings and must accept their verity. See Rule 10(b), F.R.A.P., *Herron v. Rozelle,* 10 Cir., 480 F.2d 282, 288 and *Town of Antlers, Oklahoma v. Benson,* 10 Cir., 247 F.2d 437, 440. In briefs and argument, counsel make many references to matters not covered by the trial court's findings or by the record. Reference to matters not in the record is improper and censurable whether occurring in brief or argument. *United States v. Anderson,* 4 Cir., 481 F.2d 685, 702, n. 19, aff'd, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20.

The $25,000 loan by Davidson to the Rachbachs was a credit transaction for consumer purposes within the Truth in Lending Act. See 15 U.S.C. § 1602(f)–(h). The first question is whether the Act applies to Davidson, the mortgagee. Regulation Z adopted pursuant to the Act says that a creditor is "a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit * * *." 12 C.F.R. § 226.2(s).

The trial court found:

"The uncertainties in the evidence before me should be resolved against the creditor who had the opportunity and ability to control the transactions. Upon that basis I conclude that at the time of the Rachbach loan Saul Davidson made consumer loans in the ordinary course of his business and was a creditor within the meaning of the Federal Consumer Credit Protection Act and Regulation Z."

Cogswell claims that Davidson was not a creditor covered by the Act and that the district court wrongfully placed the burden

---

* Of the District of Utah, sitting by designation.

on him and Cogswell to prove otherwise. In the absence of the trial transcript, we decline to consider either argument and accept the action of the trial court.

■ Cogswell says that the Act does not apply to him because he was an assignee. He first relies on subsection (d) of § 1640, Title 15 U.S.C. which provides civil liability for failure to disclose in accordance with the Act. The argument avails nothing because the district court held that there could be no recovery under § 1640. The provisions of § 1640 have nothing to do with the obligor's right to rescind under § 1635(a) which establishes the right of an obligor to rescind and requires that the creditor disclose that right. Because the transaction between Davidson, the creditor and the Rachbachs, the obligors, was within the Act, the obligor had the right to rescind and the creditor had an obligation to disclose that right to them. They were unaware of that right until notice thereof was given by Cogswell, the assignee. Sharon Rachbach then promptly rescinded.

■ Cogswell contends that the action is barred by 15 U.S.C. § 1614, a 1974 amendment to the Truth in Lending Act which provides that a civil action under the Act may not be brought against an assignee except under conditions not here present. The defense that § 1614 exempts an assignee from an action under the Act was not raised by any pleading and there was no pre-trial order. The trial court did not discuss or mention § 1614 in its findings and conclusions. Rule 8(c), F.R.Civ.P. requires that affirmative defenses must be pleaded. The Truth in Lending Act is remedial and must be liberally construed to effectuate the intent of Congress. *Littlefield v. Walt Flanagan and Company,* 10 Cir., 498 F.2d 1133, 1136. A claim of exemption from the operation of a remedial statute is an affirmative defense which must be specifically pleaded. *Schmidtke v. Conesa,* 1 Cir., 141 F.2d 634, 635; *United States v. An Article of Drug, Etc., Acnotabs,* D. N. J., 207 F.Supp. 758, 768. Because Cogswell did not plead the defense of § 1614, he may not

exploit it now. *John R. Lewis Inc. v. Newman,* 5 Cir., 446 F.2d 880, 805–806.

■ Cogswell argues that before Rachbach can obtain rescission she must pay, or tender, the balance due on the note. Under the Truth in Lending Act the tender back of consideration received is not a prerequisite to rescission. Section 1635(a) requires only that the obligor exercise his right of rescission by notifying the creditor within the prescribed time limit of his intent to rescind. *Palmer v. Wilson,* 9 Cir., 502 F.2d 860, 861–862. After Rachbach gave her notice, Cogswell did not release the trust deed.

Cogswell's complaint that Rachbach will file for bankruptcy and assert a homestead exemption merits no consideration on the record presented. The record does show a claim of homestead exemption, but the details with regard thereto are missing. The assertion of bankruptcy proceedings has no record support.

■ Rachbach argues that the trial court erred in awarding interest on the unpaid note balance. Rescission is an equitable remedy. *Wachtel v. West,* 6 Cir., 476 F.2d 1062, 1065, cert. denied 414 U.S. 874, 94 S.Ct. 161, 38 L.Ed.2d 114; see also *Palmer v. Wilson,* 9 Cir., 502 F.2d 860, 862. Section 1635(b) says that when an obligor exercises his right to rescind "he is not liable for any finance or other charge." This provision does not preclude a court from doing equity. In its denial of motions to amend findings and grant a new trial, the district court said:

"[T]he provision of 15 U.S.C. § 1635(b) with respect to the disallowance of interest or finance charges after rescission is inapplicable to this case because the plaintiff has had the benefit of the use of the loan proceeds and * * * the payment of interest on those loan proceeds is an equitable condition to the right of rescission * * *."

Because we have an incomplete record, we cannot say that the trial court abused its discretion in the imposition of an equitable condition to the right of rescission.

■ Rachbach argues that the court should have awarded attorneys' fees to her. Section 1635 contains no provision for the award of attorneys' fees. The issue is foreclosed by *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141. The Court held that under the "American Rule" attorneys' fees are not ordinarily recoverable by the prevailing litigant in federal litigation in the absence of statutory authorization. In so holding the Court said, Ibid. at 269, 95 S.Ct. at 1627, that the federal courts may not "pick and choose among plaintiffs and the statutes under which they sue and to award fees in some cases but not in others, depending upon the courts' assessment of the importance of the public policies involved in particular cases."

While *Sosa v. Fite,* 5 Cir., 498 F.2d 114, 121–122, allowed attorneys' fees in an action under § 1635, we believe that the *Sosa* decision runs contrary to *Alyeska Pipeline* and we are bound by *Alyeska Pipeline.* We realize that the Colorado Supreme Court in *Strader v. Beneficial Finance Company of Aurora,* Colo., 551 P.2d 720, allowed attorneys' fees in a similar action under the Colorado Uniform Consumer Credit Code. The statute, however, specifically authorized the award of reasonable attorneys' fees "as determined by the Court." See § 5–5–203(1)(b), C.R.S. 1973. Rachbach's complaint does assert a pendent claim under the Colorado law. Even if the Colorado law is applicable to the issue of attorney's fees, the record contains no showing of what are reasonable fees. Without a complete record, we cannot determine whether the trial court abused its discretion in denying those fees.

Affirmed.