815 F.2d 77
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Renfro T. HAYS, Plaintiff-Appellant,
v.
Robert G. GILDER, Defendant-Appellee.
 No. 86-5020.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1987.
 
 Before KENNEDY, JONES and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Renfro T. Hays ("plaintiff") appeals from a judgment entered by the United States District Court for the Western District of Tennessee for defendant-appellee Robert G. Gilder ("defendant") in this action filed under the Fair Labor Standards Act of 1938, 29 U.S.C. Sec. 201 et seq. ("FLSA"). We AFFIRM the District Court's judgment.
 
 I.
 
 2
 Plaintiff is an investigator. Defendant is an attorney. Plaintiff contended at trial that he was employed by defendant from February 8, 1982 to January 17, 1983, and that defendant violated the FLSA by failing to pay him minimum wage or overtime pay for that work. At the end of the four-day trial, the District Court rendered an oral decision for defendant.
 
 
 3
 Plaintiff argues first that the District Court erroneously stated that an employee-employer contract was necessary under the PLSA. Plaintiff contends instead that recovery should be awarded if the employer "suffers or permits" an employee to work. See 29 U.S.C. Sec. 203(g)(2). Plaintiff raised this alleged error before the District Court on a motion for a new trial. In denying the motion, the Court specifically noted that "[t]he proof reflects that the plaintiff was paid more than the minimum wage for the service actually rendered by sufferance or permission or otherwise." Joint Appendix at 35.
 
 
 4
 We find that the District Court did not apply the wrong standard of law in determining whether plaintiff was denied wages he was due under the FLSA. Nor can we say that any of the District Court's factual findings were erroneous. The factual findings and inferences underlying the District Court's determination are reviewable under the clearly erroneous standard of Fed. R. Civ. Pro. 52(a). However, only the transcript of the District Court's oral decision is in the record before this Court; the transcript of the trial is not. Fed. R. App. Pro. 10(b)(2) requires an appellant urging an error in factual findings or conclusions to include a transcript of aU relevant evidence in the record on appeal. ,See Rachbach v. Cogswell, 547 F.2d 502, 504 (10th Cir. 1976). Without such a record, this Court has nothing to review and must accept the District Court's factual findings as true.
 
 
 5
 Plaintiff also contends that the District Court was biased against hi.m, citing the District Court's statements that plaintiff was "an old, broken-down investigator," Joint Appendix at 21, and that plaintiff "was having trouble being an investigator." Id. at 24. Plaintiff contends that there was no proof in the record to support these conclusions. As stated above, however, in the absence of the trial transcript, this Court cannot review these factual findings.
 
 
 6
 Finally, plaintiff attempted to add a pyschological evaluation to the record to show that the District Court's characterization of plaintiff was unfair. The evaluation was made after the District court's decision had been rendered anti after the Notice of Appeal had been filed. The District Court denied plaintiff's Motion to Allow Submission of Additional Evidence for Good and Relevant Cause. Plaintiff made no such motion before this Court. Thus, this evaluation is not properly in the record before this Court.
 
 II.
 
 7
 Accordingly, the judgment of the District Court is AFFIRMED.