940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Jeanette M. WILDER, Plaintiff-Appellant,
v.
John O. MARSH, Jr., Secretary of the Army, in his official
capacity, Thomas J.P. Jones, Major General Commander, U.S.
Army, WSMR, in his official capacity, Department of the
Army, and United States of America, Defendants-Appellees.
 No. 90-2272.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 Plaintiff-appellant, Jeanette M. Wilder, appeals three actions of the district court with regard to her complaint of racial discrimination in employment, intentional interference with the marital relationship, housing discrimination and retaliation for protected Title VII activity. Our review of the record in this case and the application of the relevant legal standards confirms the district court in all respects.[1] We affirm.
 
 
 2
 Ms. Wilder is a black female with an undergraduate degree and a masters degree in elementary education who was employed at the Directorate for Personnel and Community Activities, Army Community Services Division, Child Development Services Branch, White Sands Missile Range, New Mexico (WSMR). In December 1987, after having been denied promotion to the position of Education Program Specialist, Ms. Wilder filed an informal complaint with the Equal Employment Opportunity Office at WSMR alleging discrimination on the basis of race by her supervisor, Ms. Denise Rodriguez, the person responsible for filling available job openings in the Child Development Services Branch. When Ms. Wilder was later unsuccessful in advancing to the position of School Age/Latch Key Program Specialist, she filed a formal complaint of discrimination.
 
 
 3
 In March 1988, after her formal complaint was filed, Ms. Wilder applied for three other positions in the Child Development Services Branch: Child Development Services Director, Family Child Care Director, and Supplemental Outreach Director. Ms. Rodriguez' supervisor evaluated the applicants for these three positions and made the employment decisions. Ms. Wilder was not selected for any of the positions.
 
 
 4
 While Ms. Wilder was engaged in trying to obtain a promotion, her husband was having difficulties on a different front. On January 11, 1988, Sergeant Theodore Wilder tested positive for marijuana use on a random urinalysis. When questioned, Sergeant Wilder admitted that he had used hashish while stationed in Germany and that he had recently been on vacation in Florida and Georgia but had not been around anyone who had been smoking marijuana. However, in appealing his nonjudicial punishment to the base commander, General Jones, Sergeant Wilder stated that he had never used an illegal drug and that he had, indeed, associated with friends while on his recent vacation who had been smoking marijuana. General Jones, who had previously partially suspended Sergeant Wilder's sentence, withdrew his partial suspension when he learned of the Sergeant's inconsistent statements and initiated an action to separate Sergeant Wilder from the Army for a pattern of misconduct. Sergeant Wilder was given a General Discharge Certificate and ordered to leave WSMR. In order to remain together following his separation from military service, Ms. Wilder and her husband "cleared their quarters" and moved together to El Paso, Texas.
 
 
 5
 On May 4, 1988, two days before General Jones withdrew his suspension of Sergeant Wilder's punishment, a hearing on Ms. Wilder's discrimination complaint was conducted by the U.S. Army Civilian Appellate Review Agency. On May 12, 1988, Ms. Wilder met with General Jones to complain of her alleged discriminatory treatment and to request his personal intervention. General Jones declined this request pending the outcome of the formal EEO investigation. On June 8, 1988, the EEO advised Ms. Wilder that a preponderance of the evidence did not support her claim of discrimination and that relief would be denied. Ms. Wilder submitted a letter of resignation in September 1988 and filed her complaint in this matter in the district court in December of that year, naming as defendants John O. Marsh, Jr., the Secretary of the Army; Major General Thomas J.P. Jones, the commander at WSMR; the Department of the Army, and the United States.
 
 
 6
 In response to General Jones' motion to dismiss, the district court held that Ms. Wilder's claims were all employment discrimination claims controlled by Title VII and, as such, the only proper defendant was John O. Marsh, Jr., Secretary of the Army and head of the department for which Ms. Wilder worked. Wilder v. Marsh, CIV 88-1183 HB, Memorandum Opinion and Order at 4 (D.N.M., Aug. 23, 1989). The court thus dismissed the Title VII claims against General Jones. Id. at 6. Ms. Wilder, however, was granted leave to amend her complaint to allege facts tending to show intentional interference with the marital relationship and a housing discrimination claim. Id. at 5-6. Ms. Wilder argues that her husband's discharge and their subsequent loss of government housing was retaliation against her for engaging in protected Title VII activity.
 
 
 7
 The district court eventually dismissed all claims against General Jones, holding that Ms. Wilder had failed to allege facts sufficient to establish the elements required for a claim of intentional interference with the marital relationship or for housing discrimination and that, even if facts sufficient to constitute such constitutional violations had been alleged, General Jones had qualified immunity from prosecution. Wilder v. Marsh, CIV 88-1183 HB, Order at 2-4 (D.N.M., April 5, 1990). The court, however, refused to grant summary judgment in favor of the United States (or, more properly, in favor of defendant Marsh), and a bench trial on the merits resulted in a judgment denying relief to Ms. Wilder. It is from these three rulings of the district court that Ms. Wilder appeals.
 
 
 8
 Ms. Wilder first argues that because General Jones had wide ranging authority and control over activities at WSMR, he is a proper defendant in a Title VII action. This argument is without merit. Title VII is the exclusive remedy for federal employment discrimination claims. Brown v. General Servs. Admin., 425 U.S. 820, 835 (1976); Owens v. United States, 822 F.2d 408, 410 (3d Cir.1987). The only proper defendant in such an action is the head of the agency or department in which the plaintiff is employed. 42 U.S.C. Sec. 2000e-16(c); Owens, 822 F.2d at 410. As the Secretary of the Army, John O. Marsh, Jr., not General Jones, is the only appropriate defendant notwithstanding the scope of General Jones' actual authority over personnel and matters at WSMR. The district court was correct in dismissing all Title VII claims against General Jones.
 
 
 9
 Ms. Wilder's claim of interference with the marital relationship and her housing discrimination claim, however, do not fall under the aegis of Title VII because they are not based on discrimination in the terms and condition of her employment. She, therefore, could properly name General Jones as a defendant to these allegations. As noted above, the district court in ruling on General Jones' motion to dismiss the amended complaint or in the alternative for summary judgment held that Ms. Wilder had failed to allege the elements necessary to support a claim of intentional interference with the marital relationship or of housing discrimination. After a de novo review of the record, we agree.
 
 
 10
 Whether framed as a common law tort or cast as an unconstitutional infringement of the freedom of intimate association required to state a claim under 42 U.S.C. Sec. 1983, Ms. Wilder was required to allege facts sufficient to show that General Jones intended to interfere with her marriage. See Trujillo v. Board of County Comm'rs, 768 F.2d 1186, 1189 n. 6, 1190 (10th Cir.1985). Because she has failed to make this showing, the district court's grant of summary judgment in favor of the defendant on this claim was correct.
 
 
 11
 With regard to Ms. Wilder's claim of intentional denial of access to government housing because of race, there is no evidence in the record that Ms. Wilder, as a civilian employee at WSMR, applied for and was denied access to base housing after her husband's separation from the Army. Summary Judgment in favor of the defendant on this claim, therefore, was also proper.
 
 
 12
 Ms. Wilder next argues that the district court erred in failing to find that she was the victim of both racial discrimination and retaliation for exercising protected activities under Title VII. No issues of law are raised on appeal. Our review, therefore, is limited to determining whether the district court's factual findings of neither discrimination nor retaliation are clearly erroneous. Reyes v. Hoffman, 580 F.2d 393, 394 (10th Cir.1978). We may reverse the district court only if, after review of the entire evidence, we are "left with the definite and firm conviction that a mistake has been committed." Nulf v. International Paper Co., 656 F.2d 553, 558 (10th Cir.1981) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 
 13
 Because Ms. Wilder alleged that she had been denied promotion because of her race, she has articulated a "disparate treatment" claim. In order to prevail, Ms. Wilder must first prove a prima facie case of race discrimination. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). If she is successful, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for plaintiff's rejection. Id. at 253. If the defendant is successful, the burden shifts back to the plaintiff who then must prove that the articulated reasons of defendant are mere pretext for discrimination. Id. It is at this third step in the shifting of burden that Ms. Wilder fails to make her case.
 
 
 14
 In December 1987, Ms. Wilder applied for one of three positions as an Educational Program Specialist. She was among four candidates selected for an interview. The evidence showed that the final selections were based on the applicants' knowledge of the developmental approach to childhood development, experience in training adults and experience and knowledge of early childhood principles. Rec. Vol. I at 71-72. There is no evidence that racial discrimination played a role in these selections. In fact, one of the applicants chosen was a black woman. Defendant-Appellee's Supplemental Appendix at 23. With regard to the position of School Age/Latch Key Program Specialist, the position was assigned to another applicant pursuant to the Army's mandatory spousal preference policy, for which Ms. Wilder did not qualify. Id. at 30.
 
 
 15
 In April 1988, Ms. Wilder applied for three director positions with the Child Development Services Branch and failed to be selected for any of them. The defendant, however, offered uncontradicted evidence that all three selectees had more relevant experience for the positions than Ms. Wilder. Wilder v. Marsh, No. CIV 88-1183 HB, Findings of Fact and Conclusions of Law at 15 (D.N.M. Nov. 6, 1990).[2]
 
 
 16
 As noted above, in response to defendant's evidence of the legitimate, nondiscriminatory reasons for its employment decisions, Ms. Wilder was required to prove by a preponderance of the evidence that these reasons were pretextual. See Burdine, 450 U.S. at 253. Because Ms. Wilder failed to sustain this burden, we affirm the district court on the issue of racial discrimination in employment.
 
 
 17
 In addition to alleging overt discrimination, Ms. Wilder alleged that she was the victim of retaliation because she had filed an EEO complaint. In order to prevail on this claim, Ms. Wilder was required to prove that:
 
 
 18
 (1) she engaged in protected opposition to Title VII discrimination or participated in a Title VII proceeding; (2) she was disadvantaged by an action of her employer subsequent to or contemporaneously with such opposition or participation; and (3) there is a causal connection between the protected activity and the adverse employment action.
 
 
 19
 Burrus v. United Tel. Co. of Kan., Inc., 683 F.2d 339, 343 (10th Cir.), cert. denied, 459 U.S. 1071 (1982); accord Smalley v. City of Eatonville, 640 F.2d 765, 769 (5th Cir.1981). As with a Title VII case, if the plaintiff makes out a prima facie case, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse action. Burris, 683 F.2d at 343. As analyzed above, Ms. Wilder failed to prove that any of the reasons articulated by defendant for his treatment of her in the course of making employment decisions were mere pretexts for racial discrimination. Nor was there evidence that Ms. Wilder's husband was disciplined more harshly because his wife had filed an EEO complaint.
 
 
 20
 After review of the record on appeal, we are not "left with the definite and firm conviction that a mistake has been committed," see Nulf, 656 F.2d at 558, and therefore AFFIRM the judgment of the United States District Court for the District of New Mexico.
 
 
 21
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 This evidence is referred to by the district court in its Findings of Fact and Conclusions of Law but that portion of the trial transcript containing this testimony was not designated by Ms. Wilder or the appellees on appeal. The district court's factual findings regarding this evidence, therefore, must be accepted as correct. Rachbach v. Cogswell, 547 F.2d 502, 504 (10th Cir.1976)