945 F.2d 412
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Frank VELARDE, Lydia T. Velarde, Defendants-Appellants.
 No. 91-1037.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 26, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Frank and Lydia Velarde appeal the grant of summary judgment by the district court in favor of the Farm Home Administration (FmHA) on their counterclaim alleging that the FmHA was arbitrary and capricious and had acted contrary to its own rules and regulations when it denied them a loan to assist in the repurchase of their property after a foreclosure. Because we agree with the district court that there was no material issue of fact presented by the Velardes and that the FmHA was entitled to judgment as a matter of law, we affirm.
 
 
 3
 The Velardes owned farmland in Las Animas County which was burdened by a first deed of trust in favor of the Federal Land Bank of Wichita, and by a second deed of trust in the amount of $160,700 in favor of the FmHA. After a foreclosure by the first lienholder, FmHA redeemed the property by paying to the sheriff of Las Animas County the amount of $62,673.51. This amount was added to the amount due under the FmHA's second deed of trust, resulting in a new total indebtedness in excess of $200,000.
 
 
 4
 After the FmHA had secured the sheriff's deed to the property, the former attorney for the Velardes met with representatives of the FmHA proposing that his clients be granted a new loan from the FmHA, with which they would repurchase their property. The FmHA informed the Velardes' attorney that the total real estate indebtedness was $290,940 and that there was a $200,000 limit to loans to individuals for land purchase purposes. The FmHA clearly explained that in order to repurchase the property the Velardes would have to secure the participation of another lender for amounts in excess of $200,000. Despite this problem, the Velardes applied for a loan in the amount of " '$290,000 plus at least $10,000' to repurchase the real estate and for operating expenses." District Court Order at 7.[1] The loan application was denied.
 
 
 5
 After the United States brought this action in ejectment in the district court, the Velardes counterclaimed alleging wrongful denial of their loan application. The district court, in granting summary judgment in favor of the United States, found that as a matter of law the FmHA could not have granted the Velardes' loan. United States v. Velarde, No. 88-B-1308, memorandum order at 5 (D.Colo. Feb. 15, 1990) (District Court Order).
 
 
 6
 In reaching this conclusion the district court noted the difference between operating loans, as authorized by 7 U.S.C. § 1941-47, and farm ownership loans as authorized by 7 U.S.C. § 1922-34. Id. at 5. The court reasoned that because 7 U.S.C. § 1943(2) prohibits operating loans " 'for the purchasing or leasing of land other than for cash rent, or for carrying on any land leasing or land purchasing program,' " District Court Order at 6, the FmHA did not have authority to make an operating loan to the Velardes to enable them to repurchase their ranch. Id.
 
 
 7
 Nor could the Velardes qualify for a farm ownership loan sufficient to allow them to repurchase their property. Id. at 7. Those loans, like the operating loans, may not exceed $200,000, and the total real estate indebtedness on the property exceeded that amount. The district court correctly concluded that, even if the Velardes had met the loan approval requirements, the loan approval officer would have been required to reject the loan application because it exceeded the $200,000 farm ownership loan limit. Id. at 7.
 
 
 8
 To review a summary judgment order, we apply the same standard used by the trial court under Fed.R.Civ.P. 56. Osgood v. State Farm Mut. Auto Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Rule 56 directs that summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. This court determines whether, under the correct interpretation of the substantive law, there exist material factual disputes which preclude summary judgment. See id.; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In determining whether a material issue of fact exists, we review the record in the light most favorable to the party opposing summary judgment. McKenzie v. Mercy Hosp., 854 F.2d 365, 367 (10th Cir.1988). The district court's conclusions of law are reviewed de novo. Id.
 
 
 9
 Adolph Coors Co. v. Brady, Nos. 89-1203, 89-1239, slip. op. at 6 (10th Cir. Sept. 23, 1991).
 
 
 10
 On appeal, the Velardes argue that the presence of an outstanding issue of material fact regarding the allocation of their loan request precluded the entry of summary judgment. They contend that their request for "$290,000 plus at least $10,000" could reasonably be viewed as a request for a farm ownership loan in an amount less than $200,000 with the balance being characterized as an operating loan. Nothing in the record supports this interpretation of the facts.
 
 
 11
 We perceive no issue of material fact regarding the loan request which prohibits summary judgment. The Velardes contend that the affidavit of Frank Velarde demonstrates that the request for $290,000 was for both farm ownership money and operating expenses. We find no indication in the affidavit of such intent. Further, the financial realities of the Velardes' situation belie any conclusion that their request for a farm ownership loan was for less than $200,000. It is undisputed that the total amount of real estate indebtedness was more than $200,000. A loan for $200,000 or less would not have enabled the Velardes to repurchase their property without the participation of a secondary lender. Since there was no evidence of any participation by a secondary lender in the Velardes' repurchase plan, a loan of less than $200,000 would not have accomplished the Velardes' ends.
 
 
 12
 In a letter dated October 25, 1984, the FmHA informed the Velardes' prior attorney that the $200,000 limit on farm ownership loans would prevent the loan request from being granted. There is no evidence of any effort on the part of the Velardes or their attorney to clarify to the FmHA that the request for a farm ownership loan was for an amount less than $200,000.
 
 
 13
 The Velardes argue that by redeeming the property and adding the redemption amount to the amount of its original loan, the FmHA exceeded its own authorized loan amounts. This argument is without merit. The FmHA had not authorized the amount of the original loan from the Federal Land Bank. In redeeming its collateral, the FmHA did not authorize a loan to the Velardes in excess of $200,000.
 
 
 14
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The Velardes do not attach a copy of their loan application to the other materials designated as part of the record on appeal. As to those materials which are not designated as part of the record, the trial court's characterization of the evidence must be accepted as correct. See Rachbach v. Cogswell, 547 F.2d 502, 504 (10th Cir.1976)