972 F.2d 357
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Dale VU, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Defendant-Appellee.
 No. 91-1350.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from the judgment of the district court denying him relief in his handicap discrimination action filed pursuant to 29 U.S.C. §§ 701-796i, the Rehabilitation Act of 1973 as amended. On appeal, Plaintiff essentially argues that there was insufficient evidence to support the district court's decision in favor of Defendant.[1] Defendant argues that because Plaintiff failed to provide a copy of the transcript of the trial, this court must affirm the district court's factual findings. Agreeing with Defendant, we affirm.
 
 
 3
 This action was tried to the district court. After the bench trial, the district court orally entered findings of fact and conclusions of law based on the evidence. It concluded that the evidence was insufficient to prove that Plaintiff was handicapped or that he was not promoted solely on the basis of a handicap.
 
 
 4
 Plaintiff filed a pro se notice of appeal and motions to proceed on appeal in forma pauperis and for a free transcript of the trial. The district court denied the motions.
 
 
 5
 In order to review the district court's findings and conclusions, a trial transcript is essential. Without a transcript, this court cannot review the trial court's factual findings and must accept them as correct. See Trujillo v. Grand Junction Regional Ctr., 928 F.2d 973, 976 (10th Cir.1991); Rachbach v. Cogswell, 547 F.2d 502, 504 (10th Cir.1976); see also Deines v. Vermeer Mfg. Co., --- F.2d ----, No. 91-3044, slip op. at 4-5 (10th Cir. July 21, 1992).
 
 
 6
 An appellant has the duty to cause the record on appeal to be transmitted to the court of appeals. Fed.R.App.P. 11(a). When the appellant intends to argue on appeal that the findings or conclusions of the district court are unsupported or contrary to the evidence, the appellant must include in the record a transcript of all the evidence relevant to such a finding or conclusion. Fed.R.App.P. 10(b)(2).
 
 
 7
 Indigent appellants proceeding in forma pauperis, however, may obtain a transcript of their district court proceedings in accordance with 28 U.S.C. § 753(f). In pertinent part, § 753(f) provides that "[f]ees for transcripts furnished ... to persons permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or circuit judge certifies that the appeal is not frivolous (but presents a substantial question)."
 
 
 8
 This court granted Plaintiff's motion for leave to appeal in forma pauperis. Subsequently, Plaintiff filed a motion for a free transcript. We may not grant the motion unless we determine the appeal presents a substantial question.
 
 
 9
 Frequently, it is difficult for courts and litigants to discern whether a substantial question is presented unless the complete record is available. Rhodes v. Corps of Eng'rs of United States Army, 589 F.2d 358, 359 (8th Cir.1978); Lee v. Habib, 424 F.2d 891, 904-05 (D.C.Cir.1970). Because § 753(f) was not intended to require free transcripts for all pro se litigants who argue a sufficiency of the evidence issue on appeal, we must consider the district court's file and Plaintiff's opening brief and Exhibit Book to determine whether he presents a substantial question, see Rhodes, 589 F.2d at 359-60.
 
 
 10
 These documents as a whole do not provide us with enough information to conclude Plaintiff demonstrates the appeal presents a substantial question. See id. at 360; see also Maloney v. E.I. DuPont de Nemours & Co., 396 F.2d 939, 940 (D.C.Cir.1967) (appellant has burden of proving appeal presents a substantial question), cert. denied, 396 U.S. 1030 (1970). Accordingly, we must deny Plaintiff's motion for a free transcript. Because, without a transcript, we cannot review the district court's factual findings, we accept them as correct. See Trujillo, 928 F.2d at 976.
 
 
 11
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. Plaintiff's motion for a free transcript is DENIED.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff also argues that the district court did not address the issues of bad faith destruction of documents and refusal to produce documents. Apparently some of Plaintiff's Equal Employment Opportunity (EEO) records were lost in a post office reorganization and his EEO complaint was not investigated. Although we do not condone such misplacement of records, Plaintiff received de novo review of all issues in the district court. Additionally, Plaintiff failed to show how production of additional documents would have helped him prove that he was denied a promotion on the basis of a handicap