In re Perry W. QUENZER, Lori A. Quenzer, Debtors.

Perry W. Quenzer, Lori A Quenzer, Plaintiffs,

v.

Advanta Mortgage Corp., USA, Defendant & Third–Party Plaintiff,

v.

The Mortgage Banc, Inc., n/k/a Home Mortgage, Inc., Third–Party Defendant.

Bankruptcy No. 99–41732–13. Adversary No. 99–7127.

United States Bankruptcy Court, D. Kansas.

Dec. 7, 2001.

Fred W. Schwinn, Consumer Law Center, P.A., Topeka, KS, for Debtors.

Jan M. Hamilton, Topeka, KS, trustee.

## ORDER DETERMINING THE CLAIM OF ADVANTA MORTGAGE CORP., USA

JAMES A. PUSATERI, Chief Judge.

This proceeding is before the Court on the second motion for summary judgment

filed by the plaintiff-debtors. The debtors appear by counsel Frederick W. Schwinn. Defendant Advanta Mortgage Corporation, USA (apparently now known as "Chase Manhattan Mortgage Corporation"), servicing agent for Bankers Trust Company of California (collectively "Advanta"), appears by counsel Michael D. Doering. The third-party complaint is not involved in the present dispute. On May 31, 2001, the Court granted partial summary judgment to the debtors. *Quenzer v. Advanta Mortgage Corp. (In re Quenzer)*, 266 B.R. 760 (Bankr.D.Kan.2001). The remaining issues between the debtors and Advanta are now before the Court for resolution. In arriving at its decision, the Court has reviewed the relevant pleadings and is now ready to rule.

### ISSUES

Previously, the Court ruled that Advanta's mortgage lien on the debtors' home became void when the debtors gave effective notice, pursuant to § 1635(a) of the Truth in Lending Act ("TILA"), 15 U.S.C.A. § 1635(a), and § 226.23 of Regulation Z, 12 C.F.R. § 226.23, that they were exercising their right to rescind the transaction that created the mortgage. 266 B.R. at 763–71. The issues now before the Court concern the parties' reciprocal duties under TILA § 1635(b) and Regulation Z § 226.23, and the appropriate penalties, if any, that should be imposed against Advanta pursuant to TILA § 1640.

### FACTS

The relevant facts are not disputed. In 1997, Advanta's predecessor loaned the debtors $69,600, taking a mortgage on their home as security. Part of the loan was used to pay off a loan from another creditor that had been secured by a prior mortgage on the home. The TILA gives borrowers a right to rescind such a loan,

ordinarily within three days, and requires the lender to give them notice of that right. Advanta's predecessor gave the debtors an incorrect notice, apparently one that would have applied only if the loan had refinanced a prior loan by the predecessor. When the creditor never gives the obligor proper notice of the right to rescind (or other disclosures required by the TILA) and the obligor has not sold the property, the right lasts for three years from the date of consummation of the transaction. TILA § 1635(f). Advanta conceded the notice given violated the TILA.

Shortly after filing a chapter 13 bankruptcy petition, the debtors gave Advanta timely notice by certified mail that they were rescinding the 1997 loan transaction. More than twenty calendar days have passed since Advanta received the notice. The Court has ruled that the notice immediately voided Advanta's mortgage. 266 B.R. at 763–71. Despite receiving the notice, Advanta has not taken any necessary or appropriate action to reflect termination of its mortgage, and has not returned to the debtors any of the money they had given to it or its predecessors. In closing the mortgage transaction, the debtors paid $1,956.76 in costs and fees. Since the closing, they have paid Advanta and its predecessors $19,298.82.

In their chapter 13 plan, the debtors proposed to pay an arrearage on their debt to Advanta through their plan and to make current payments directly to Advanta. The plan was confirmed, and an amended confirmation order stated that the debtors' general unsecured creditors would receive $3,000. However, after the debtors filed this proceeding and Advanta filed a proof of claim, they objected to Advanta's claim on the ground they had rescinded the transaction, and asked that any money otherwise to be distributed to Advanta be

held by the Chapter 13 Trustee pending the outcome of this proceeding. Advanta did not respond, and the Court sustained the debtors' objection to its claim. Consequently, the debtors are sending their current payments on Advanta's debt to the Trustee. If the Court's decision that Advanta's mortgage is void survives any appeals that might be taken, this money will be distributed pro rata to the debtors' general unsecured creditors, including Advanta, rather than to Advanta alone.

### RELEVANT PROVISIONS OF TILA AND REGULATION Z

The parties' present dispute begins with the following TILA provision (under which the debtors are the "obligor" and Advanta is the "creditor"):

**(b) Return of money or property following rescission**

When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable, or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or

at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.

TILA § 1635(b). In Regulation Z, the Federal Reserve Board has added the following relevant explanation of rescission under § 1635 (under which the debtors are the "consumer" and Advanta is the "creditor"):

(d) Effects of rescission.

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession

of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

(4) The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order.

Regulation Z § 226.23(d).

The following portions of TILA § 1640 are also involved in the parties' dispute:

**(a) Individual or class action for damages; amount of award; factors determining amount of award**

Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure; [and]

(2)(A) . . . (iii) in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000; . . .

. . .

. . . .

**(d) Liability in transaction or lease involving multiple obligors**

When there are multiple obligors in a consumer credit transaction or consumer lease, there shall be no more than one recovery of damages under subsection (a)(2) of this section for a violation of this subchapter.

**(e) Jurisdiction of courts; limitations on actions; State attorney general enforcement**

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

## CONTENTIONS OF THE PARTIES

The debtors contend that they have no obligation to tender any money to Advanta because it failed to tender any money to them first as required by TILA § 1635(b) and Regulation Z § 226.23(d)(2). Alternatively, they argue any tender obligation they have should be set off against Advanta's tender obligation to them, and Advanta should have an unsecured claim against their bankruptcy estate for the net amount of their tender obligation. The debtors also allege that they are entitled an award of civil penalties totaling $4,000 pursuant to TILA § 1640(a)(2)(A)(iii) for Advanta's violations of § 1635.

Advanta responds that the Court should condition the release of its mortgage lien and its obligation to tender money to the debtors on the debtors' prior tender of the loan proceeds they received in the transaction, plus interest for the time they have had the use of the money. As indicated, the Court has already ruled that Advanta's mortgage became void when the debtors rescinded the transaction, 266 B.R. 760, and will not address that question further in this opinion. Advanta suggests that it can be excused from its tender obligations under § 1635(b) because the debtors could not fulfill their reciprocal duty to tender the $69,600 that they received in the transaction. Alternatively, it seeks to set off its tender obligation against the debtors' obli-

gation. Finally, Advanta claims that the one-year limitation imposed by TILA § 1640(e) precludes the debtors from recovering statutory damages for any violation of § 1635.

## CONCLUSIONS

■ As indicated in the Court's prior ruling in this proceeding, 266 B.R. at 763–65 the Court does have the authority, pursuant to TILA § 1635(b) and Regulation Z § 226.23(d)(4), to modify the procedures that govern the parties' reciprocal payment obligations after the debtors rescinded the transaction. The Court concludes it is equitable to do so in this case. First, the Court will not bar Advanta's claim against the debtors because Advanta did not perform its obligation to return money or property to the debtors within twenty days of receiving their notice of rescission. The Court questions whether this would be a permissible remedy under § 1635(b). The statute says that when an obligor-debtor tenders property but the creditor fails to take possession of it within twenty days, the obligor-debtor owns the property with no further obligation to pay for it, but the statute does not express a similar forfeiture penalty if the creditor has failed to fulfill its earlier tender obligation within twenty days. It may be that a civil penalty under § 1640(a) is the only remedy Congress intended in the latter situation. Even if completely excusing the obligor-debtor's repayment obligation might be an appropriate sanction for such a failure under other circumstances, the Court is convinced that Advanta's failure to act simply does not justify imposing a penalty of nearly $70,000 against it in this case. Given the substantial body of case law ruling—erroneously, in this Court's view—that a creditor's mortgage did not become void and the creditor did not have to return money or property to an obligor who was unlikely to fulfill his or her subsequent

repayment obligation, the Court is convinced that Advanta's inaction was substantially justified. Nevertheless, Advanta's failure to act within twenty days was a violation of TILA § 1635(b), and the Court believes this violation should be punished by imposing a civil penalty under § 1640, rather than by completely excusing the debtors' payments obligations.

■ Next, because the debtors have filed for bankruptcy and are proposing to treat Advanta's claim against them as a general unsecured claim that they will not pay in full immediately, but rather only pro rata with their other unsecured creditors, who are not being paid in full, the Court believes that Advanta should be allowed to set its obligation to return money or property to the debtors under Regulation Z § 226.23(d)(2) off against their obligation to return the loan proceeds to it under § 226.23(d)(3). Other courts have altered the obligations this way, imposing only a net payment obligation, usually from the obligor-debtor in the transaction because the amount of the loan nearly always exceeds the charges plus the payments made on the loan. *See Celona v. Equitable National Bank,* 98 B.R. 705, 708 (E.D.Pa.1989); *Ralls v. Bank of New York (In re Ralls),* 230 B.R. 508, 523–24 (Bankr. E.D.Pa.1999). This approach also avoids the problem that Advanta's tender to the debtors, if actually required to be made, would probably become property of the bankruptcy estate that the debtors could not return to Advanta to help satisfy their ensuing obligation to repay Advanta. Under TILA § 1635(b) and Regulation Z § 226.23(d), Advanta has a duty to return to the debtors $1,956.76 (the closing costs and fees they paid) plus $19,298.82 (all the subsequent principal and interest payments the debtors made on the loan), a total of $21,255.58. In turn, the debtors have a duty to return to Advanta the

$69,600 in loan proceeds paid to them or on their behalf. After setoff, the debtors owe Advanta $48,344.42.

But there is another matter affecting the amount the Court will allow as Advanta's unsecured claim against the debtor's bankruptcy estate. As indicated, Advanta (and its predecessors) violated TILA § 1635 in two distinct ways: first, by failing to give the debtors proper notice of their right to rescind the loan transaction, and second, by failing to return money to them within twenty days after receiving the debtors' notice that they were rescinding the transaction. Because the loan transaction was secured by the debtors' dwelling, Advanta is subject to civil penalties under TILA § 1640(a)(2)(A)(iii) of between $200 and $2,000 for each of these violations.

■ The debtors suggest that each of them is entitled to recover separately under § 1640(a)(2)(A)(iii) for Advanta's TILA violations. However, § 1640(d) makes clear that this is not the case. Only a single penalty may be awarded for each violation, even though there were two or more obligors involved in the transaction.

Advanta correctly points out that by the time the debtors rescinded the loan transaction, they would have been barred by the one-year limitation period in § 1640(e) from bringing a suit against it to recover any penalties for the failure to give proper notice of their right to rescind. However, Advanta has filed a proof of claim in the debtors' bankruptcy case, seeking to collect its debt from the debtors and making applicable the second sentence of § 1640(e), which allows the debtors to seek the civil penalties "as a matter of defense by recoupment or set-off." In light of the Court's conclusion that the debtors' rescission of the transaction has already voided Advanta's mortgage lien, 266 B.R. at 763–71, thus imposing a substantial penalty on

Advanta, the Court will award only $250 for each of Advanta's violations of § 1635, or a total penalty of $500. If Advanta should succeed in saving its mortgage lien, however, through an appeal of the Court's previous summary judgment ruling or otherwise, the Court believes the penalties should be fixed at $2,000 each, for a total of $4,000. The debtors are entitled to have these penalties set off against Advanta's claim against them. The Court assumes that any appeal Advanta may pursue will be resolved before the debtors complete their chapter 13 plan, so the ultimate amount of Advanta's claim will be fixed before the debtors' bankruptcy case is closed. So long as the Court's prior ruling remains in force, Advanta's claim will be allowed as $47,844.42.

■ As indicated, Advanta also asks the Court to allow interest on its claim from the time of the transaction until the debtors' rescinded it, relying on *Rachbach v. Cogswell*, 547 F.2d 502 (10th Cir.1976). In that case, even though the first sentence of TILA § 1635(b) said then (as now) that upon rescission, the obligor "is not liable for any finance or other charge," the Tenth Circuit held that the record before it was not adequate to show that the district court had abused its discretion by refusing to excuse a rescinding obligor from interest charges. 547 F.2d at 505. However, as this Court explained in its prior ruling in this case, 266 B.R. at 766–67, after *Rachbach* was decided, Congress amended § 1635 and the FRB completely revised Regulation Z, together making clear that courts are not authorized to alter the two main facets of the rescission remedy established by the statute and regulation, namely, that the creditor's security interest becomes void and the obligor-debtor is excused from the obligation to pay any finance charge (i.e., interest) to the creditor. In other words, upon rescis-

sion, the creditor is left with an unsecured claim against the obligor-debtor for the principal amount of the loan it made, minus the closing costs and any other amounts, including interest, that the obligor-debtor had paid the creditor. While this result might rationally be viewed as inequitable where the rescission occurs, as in this case, long after the transaction was completed, the only rational reading of TILA § 1635, as clarified by Regulation Z § 226.23(d), is to bar courts from altering these parts of the remedy that Congress created. The Court believes it may modify the remedy Congress established to the extent described above, but it may not alter these core effects of the debtors' decision to rescind the transaction.

For these reasons, the Court concludes that Advanta has a net unsecured claim against the debtors' bankruptcy estate of $47,844.42. As indicated, this amount will be revised to reflect higher civil penalties if Advanta succeeds in keeping its mortgage intact.

IT IS SO ORDERED.