No. 2--01--1321 

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

REGENCY SAVINGS BANK, as ) Appeal from the Circuit Court

Successor in Interest to ) of Lake County. 

Sterling Savings Bank, )

)

Plaintiff-Appellee, )

) 

v. ) No. 00--CH--8

)

SIGMUND J. CHAVIS and HARRIET ) 

CHAVIS, ) 

)

Defendants-Appellants ) 

) 

(Department of Revenue, Sybil ) 

Virshbo, La Salle National Bank, ) Honorable 

Unknown Owners, Nonrecord ) Wallace B. Dunn and

Claimants, Unknown Tenants and ) Mitchell L. Hoffman,

Occupants, Defendants). ) ) Judges, Presiding.

_________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

This appeal arose from an action brought by plaintiff, Regency Savings Bank, to foreclose its mortgage on the residence of defendants, Sigmund J. Chavis and Harriet Chavis.  The trial court found that 
defendant
s were entitled to rescind 
the
 note and mortgage because they were not provided with proper documentation regarding their rescission rights pursuant to section 1635 of the Truth in Lending Act (Act) (15 U.S.C. §1635 (1982)).  The trial court conditioned 
defendant
s' grant to rescind on their tender of $349,572 to plaintiff, which represented, 
inter
 
alia
, the principal loan amount.  Defendants failed to make the required tender, and 
the
 trial court entered a judgment of foreclosure and sale.  Following the sale of the mortgaged real estate, the trial court entered an order approving the sale and distribution. 

Defendants raise three contentions in this timely appeal.  They contend that (1) the trial court had no authority to condition their right to rescind; (2) even if the trial court had the authority, the trial court failed to give them sufficient time in which to tender the payment; and (3) the sheriff’s sale of the mortgaged property was held in violation of the automatic stay imposed in 
defendant
 Harriet Chavis's bankruptcy case.  For the reasons that follow, we affirm.  
We will recite other relevant facts as they relate to the issues on appeal.
 

Turning to the first issue, 
defendant
s contend that the trial court erred in "conditioning their right to rescind" the note and mortgage on the return of the monies lent or advanced on 
defendant
s' behalf.  Relying on a minority interpretation of section 1635 of the Act embraced by the court in 
In re Quenzer
, 266 B.R. 760 (Bankr. D. Kan. 2001), defendants maintain that a plain reading of the statute mandates that, when an obligor exercises his right to rescind, any security interest in the subject property becomes immediately void and no procedure is required by the obligor to effectuate this result.  Defendants assert that the statute gives the trial court the authority only to govern the transfer of money and property between the obligor and the creditor after the voiding of the security interest.  

Defendants raise an issue of statutory construction.  Well-established principles guide us in resolving an issue of statutory construction.  The primary rule of statutory construction is to ascertain and give effect to the legislature's intent.  
In re Marriage of Mitchell
, 181 Ill. 2d 169, 173 (1998).  To determine the legislature's intent, a court first should look to the statute's plain language and should accord the language its plain and commonly understood meaning.  
Department of Public Aid v. Brewer
, 183 Ill. 2d 540, 554 (1998).  The court must not read into the plain language exceptions, limitation, or conditions that the legislature did not intend.  Statutory construction is a question of law in which we employ a 
de
 
novo
 standard of review.  
Brewer
, 183 Ill. 2d at 554.

In this case, we must construe section 1635(b) of 
the
 Act, which is the statutory basis for 
a
 consumer's right to rescind.  It provides, in relevant part:

"(b) Return of money or property following rescission

When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission.  Within 20 days after receipt of a notice of rescission, 
the
 creditor shall return to the [obligor] any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect 
the
 termination of any security interest created under the transaction.  If the creditor has delivered any property to the obligor, the obligor may retain possession of it.  Upon the performance of 
the
 creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. ***  
The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.
"  (Emphasis added.)  15 U.S.C. §1635(b) (1994).  

The sequence of rescission and tender set forth in section 1635(b) places the consumer in a much stronger bargaining position than the consumer enjoys under the traditional rules of rescission. Under the common law, the rescinding party must first tender the property that he has received under the agreement before the contract may be considered void.  17A Am. Jur. 2d 
Contracts
 §590 (1991).  After the rescinding party has performed his obligations, the contract becomes void and the rescinding party may then bring an action in replevin or assumpsit to insure that the non-rescinding party will restore him to the position that he was in prior to entering into the agreement.  Under section 1635(b), however, the consumer only needs to notify the creditor of his intent to rescind.  The agreement is then automatically rescinded and the creditor must, ordinarily, tender first.  

"Though one goal of the statutory rescission process is to place the consumer in a much stronger bargaining position, another goal of §1635(b) is to return the parties most nearly to the position they held prior to entering into the transaction." 
Williams v. Homestake Mortgage Co.
, 968 F.2d 1137, 1140 (11th Cir. 1992).  The plain language at the end of section 1635(b) is a reflection of this equitable goal.  The language set forth in the statute clearly and unambiguously expresses a legislative intent to allow the trial court "at any time during the rescission process, [to] impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required under the act."  S. Rep. No. 96--368, at 29 (1980), reprinted in 1980 U.S.C.C.A.N. 236, 265.

It is now well-settled that a court, in the exercise of its equitable discretion, can condition the right of rescission upon the tender of the amounts previously advanced, so that the security interest is left in place until the tender is made.  See, 
e.g.
, 
AFS Financial, Inc. v. Burdette
, 105 F. Supp. 2d 881 (N.D. Ill. 2000); 
Williams
, 968 F.2d at 1142 (courts may impose conditions that run with the voiding of creditors' security interests upon terms that would be equitable and just under surrounding circumstances); 
Palmer v. Wilson
, 502 F.2d 860 (9th Cir. 1974)(circuit court conditioning right of consumer to rescind loan transaction on repayment of principal received must do equity and cannot ignore debtor's unpaid obligation for 
the
 principal sum, as a complete windfall was not intended);
 
Lynch v. GMAC Mortgage Corp. of Iowa
, 170 B.R. 26, 29 (Bankr. D. N.H. 1994)(majority of courts have held that courts have inherent equitable power to condition right of rescission, as Congress could not have intended that security interest of lender be voided when obligors were unable to tender payment to it).

This principle was espoused by this court in 
Westbank v. Maurer
, 276 
Ill. App. 3d
 553 (1995), wherein we held that the trial court had the authority to order 
the
 
defendant
 to return to 
the
 plaintiff all property which 
the
 
defendant
 had received in the subject transaction.  We based our holding on traditional equitable principles that a court in equity has the power to circumscribe the right of rescission to avoid the perpetration of stark inequity.  
Westbank
, 276 
Ill. App. 3d
 at 565-66.  

Defendants argue that the Federal Reserve Board has interpreted section 1635 of the Act to mean that the voiding of the creditor’s security interest may not be conditioned on the consumer’s tender.  See 12 C.F.R. §226.23(d) (2002).  While a technical reading of the regulation appears to lend credence to defendants’ argument, "it is not a realistic recognition of the full scope of the statutory scheme."  
Williams
, 968 F.2d at 1141.  The regulations simply recognize that rescission is complete at the time of notice and that the courts have the power to modify the statutory procedures outlined in section 1635(b).  Contrary to defendants’ assertion, the courts have the power to modify the procedure to effect the grant of rescission.  We are not persuaded by 
defendant
s' arguments.

In this case, plaintiff saved 
defendant
s from losing their home in foreclosure by paying the amount owed on their initial debt.  Additionally, plaintiff advanced money to 
defendant
s to pay their real estate taxes and insurance debts.  We agree that it would be particularly egregious for 
defendant
s to be enriched at plaintiff's expense.  Under these circumstances, the trial court found rescission was warranted and justly held that equitable considerations mandated that the security interest remain in place until the obligation was fully paid.  Accordingly, we find that the trial court had 
the
 equitable authority to modify the procedure to effect 
the
 grant of rescission and that the condition imposed, 
the
 return of the monies lent to the debtors or advanced on the debtors' behalf, was equitably justified. 

Defendants next contend that, even if the trial court has 
the
  discretion to modify 
the
 rescission process, the trial court did not give them sufficient time in which to tender the amount due to effectuate the rescission.  Defendants point out that the trial court gave them only 29 days from the order entered on October 23, 2000, to tender the debt to plaintiff and maintain that this was an inadequate amount of time due to their lack of financial resources and the ability to obtain other financing. 

Although 
defendant
s were initially granted 29 days to pay their debt, the trial court extended the deadline based on defendants’ motion to "vacate, reconsider, or otherwise modify" the October 23 order, in which they requested a stay of 
the
 deadline pending 
the
 resolution of their motion.  Given that 
defendant
s were granted their request to stay the deadline, defendants had a period of five months, not 29 days, and cannot complain that they were prejudiced.

Additionally, defendants never objected to the time period imposed on the basis of financial hardship and never offered any evidence of their financial inability to return the sums that they had borrowed or were extended on their behalf.  The failure to present evidence or object to the trial court constitutes a waiver. 
In re Marriage of Brackett
, 309 Ill. App. 3d 329, 338 (1999); 
Baldi v. Chicago Title & Trust Co.
, 113 
Ill. App. 3d
 29, 34 (1983).  Therefore, 
defendants have waived any objection to the reasonableness of the time period on the basis of financial hardship.  
Waiver aside, we cannot say that the five-month period imposed by the trial court was an abuse of discretion. 

Defendants last contend that the sheriff's sale is void because it was held in violation of the automatic stay imposed in 
defendant
 Harriet Chavis's bankruptcy case.  At the hearing on plaintiff's motion to confirm the judicial sale, 
defendant
 Sigmund Chavis argued in opposition that the foreclosure sale was void because it violated the automatic stay imposed in Harriet’s bankruptcy case.  However, no evidence was presented in support of this allegation.  

T
he burden rests on the appellants to provide a sufficient record to support claims of error, and, without a complete record, we must presume the trial court’s order was in conformity with established legal principles and had a sufficient factual basis.  
Foutch v. O’Bryant
, 99 Ill. 2d 389, 391-92 (1984).
  
We conclude that, without a complete record to support the claim of error, meaningful review of defendants' argument is impossible and, therefore, requires that the judgment of the trial court must be affirmed.
 

However, even without a complete record, we agree with plaintiff that 
defendant
s'
 representation is misleading.
  At the hearing on the motion, defendants asserted that Harriet filed a chapter 13 (11 U.S.C. §1301 
et seq.
 (1994)) bankruptcy petition on March 23, 2001, and that on May 11, 2001, the bankruptcy judge dismissed the case and granted plaintiff's motion for relief from the automatic stay.  Defendants stated that the dismissal order was docketed with the clerk of the bankruptcy court on May 11, 2001, and the order lifting the automatic stay was docketed on May 18, 2001.  The judicial sale of the subject property was held on May 16, 2001.

Defendants' argument on appeal is predicated on Rule 4001(a)(3) of the Federal Rules of Bankruptcy (Fed. R. Bankr.  4001(a)(3)), which provides that an order granting a motion for relief from an automatic stay is stayed until the expiration of 10 days from the entry of the order, unless the court orders otherwise.  Defendants argue that, because the 10-day period had not elapsed between the docketing of the order modifying the automatic stay and the judicial sale, it violated the automatic stay provision and therefore the judicial sale was void.  However, this argument ignores the fact that 
defendant
s stated that the bankruptcy proceedings had been dismissed and the dismissal order was docketed prior to the date of the sheriff's sale.  Under section 362(c)(2) of the United States Code (11 U.S.C. §362(c)(2) (1994)), an automatic stay remains in effect only until the earlier of the time the case is closed or the time the case is dismissed.  See 
Standard Federal Bank for Savings v. Hanno
, 323 
Ill. App. 3d
 521, 525 (2001)(automatic stay terminates upon dismissal).
  Because the case had been dismissed, there was no automatic stay provision in effect and, thus, no violation.

For the foregoing reasons, we affirm the judgment of the circuit court of Lake County. 

Affirmed. 

McLAREN and KAPALA, JJ., concur.