Perry W. QUENZER and Lori
A. Quenzer, Plaintiffs,

v.

ADVANTA MORTGAGE
CORPORATION USA,
Defendant.

No. 02–4004–SAC.

United States District Court,
D. Kansas.

Jan. 9, 2003.

Michael D. Doering, Doering & Associates, P.C., Kansas City, MO, for Advanta Mortgage Corp.

Frederick W. Schwinn, Topeka, KS, for Perry W. Quenzer.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This case is on appeal from two orders of the bankruptcy court relating to a home mortgage transaction.

● **Facts**

The facts are few and undisputed. On June 7, 1997, the Quenzers received a mortgage loan in the principal amount of $69,600 from Advanta's predecessor in interest, The Mortgage Banc, Inc. At the closing of the mortgage loan transaction, Mortgage Banc provided the Quenzers with certain disclosures required under the Federal Truth in Lending Act (TILA).

As part of the disclosures provided in that transaction, Mortgage Banc inadvertently and erroneously gave the Quenzers a copy of the Notice of Right to Cancel form designed to inform borrowers of their rights in refinancing transactions, rather than a copy of the proper notice relating to an initial mortgage transaction. The parties agree that failing to provide the Quenzers with the proper notice constitutes a violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1635 and 12 C.F.R. § 226.23(b)(2) ("Regulation Z"). The parties further agree that as a result of Mortgage Banc's failure to provide the proper form of notice, the Quenzers' right to rescind the mortgage transaction was extended from three days to three years.

Approximately two years thereafter, the Quenzers filed a chapter 13 bankruptcy petition. In August of 1999, a few days after filing their bankruptcy petition, they timely notified Advanta of their intent to rescind the mortgage transaction.[1] Ap-

---

1. Advanta, as assignee of the subject transaction, is subject to the Quenzer's right of re-

proximately two months after having given such notice, the Quenzers filed an adversary complaint in their pending bankruptcy case, requesting a finding that the mortgage lien was void, by virtue of their rescission. The bankruptcy court agreed, issuing the orders giving rise to this appeal.

First, the bankruptcy court found that Advanta's mortgage lien on the Quenzers' home immediately became void when the Quenzers gave notice to Advanta that they were exercising their right to rescind the mortgage transaction. *In re Quenzer*, 266 B.R. 760, 771 (Bankr.D.Kan.2001). The court further found that it had no authority to modify that effect of the statutory rescission by applying equitable principles.

The bankruptcy court then held that because the mortgage lien was void, Advanta became a mere unsecured creditor in an amount equal to the principal of the loan, less: 1) all closing costs of $1,956.76; 2) all subsequent payments the Quenzers made under the loan, totaling $19, 298.82; 3) statutory damages assessed for Advanta's failure to honor the Quenzers' valid rescission request, in the amount of $250; and 4) statutory damages assessed for The Mortgage Banc's disclosure violation, in the amount of $250. Accordingly, the court found that after set off, the debtors owed Advanta $48,344.42, and that the debtors could have the penalties (totaling $500) set off against Advanta's claim against them.

Advanta appeals these two decisions which alter not only the amount, but also the previously secured status of its claim against the Quenzers' bankruptcy estate, recognizing that as a mere unsecured creditor, it may be prevented from forcibly collecting on its claim by the effect of

Kansas homestead exemption laws or prior judgments of other creditors.

■ "On appeal from the bankruptcy court, the district court sits as an appellate court." *In re Barber*, 191 B.R. 879, 882 (D.Kan.1996). The parties agree that all issues present questions of law, as to which this court's scope of review is de novo. *See In re Villa West Associates*, 146 F.3d 798, 802 (10th Cir.1998).

● **Application of equitable principles**

Advanta's primary contention is that the bankruptcy court erred by not conditioning Advanta's duty to release the mortgage lien upon the Quenzers' prior tender of the original principal amount of the mortgage loan, less any tender obligations of Advanta. Advanta disputes the court's conclusion that it had no authority to do equity.

The relevant section of TILA provides: **§ 1635 Right of rescission as to certain transactions**

(a) Disclosure of obligor's right to rescind

Except as otherwise provided in this section, in the case of any consumer credit transaction... in which a security interest...is or will be retained...in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction ... by notifying the creditor... of his intention to do so.

(b) Return of money or property following rescission

When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor...becomes void upon such rescission. Within 20 days after receipt of a notice of rescission, the creditor

scission pursuant to the TILA. See 15 U.S.C. § 1641(c).

shall return to the obligor any money or property given as earnest money, down-payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.... Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. **The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.**

15 U.S.C. § 1635(a) and (b) (bold added).

Advanta contends that the statute, by virtue of the language bolded above, imposes a duty on the bankruptcy court to apply equitable principles to the entirety of the rescission process, (Dk.11, p. 10) and to condition its obligation to release its mortgage on the Quenzer's prior tender of the principal amount of the mortgage loan. This would place the parties in the same positions they were in prior to the transaction, as is the common result, if not the goal, of traditional rescission. *See Garrison v. Berryman,* 225 Kan. 644, 646–647, 594 P.2d 159 (1979), quoting *Dreiling v. Home State Life Ins. Co.,* 213 Kan. 137, Syl. ¶ 4–6, 515 P.2d 757 (1973). Under this theory, in the event the Quenzers are unable to tender the principal amount of the mortgage loan, the mortgage would not be voided and Advanta's claim against the bankruptcy estate would remain secured.

The Quenzers claim that the statute prohibits the bankruptcy court from applying equity to alter the result of the statutory provisions, so that when they rescinded the mortgage transaction, Advanta's security interest was automatically voided per the statutory language, without any prior tender by Quenzers, as the bankruptcy court held. Under this approach, the statutory and regulatory language permitting the court to alter certain "procedures" is not so broad as to constitute a general grant of authority to do equity, or to permit the court to substitute its "sense of what is equitable for the remedy that Congress created." *Quenzer,* 266 B.R. at 771.

The Tenth Circuit has previously held that courts can alter TILA's statutory scheme because rescission is an equitable remedy. In *Rachbach v. Cogswell,* 547 F.2d 502, 505 (10th Cir.1976), the Tenth Circuit specifically considered whether the debtor was required to pay, or tender, the balance due on the note as a prerequisite to rescission. It held that under TILA, "the tender back of consideration received is not a prerequisite to rescission." *Id.* "Section 1635(a) requires only that the obligor exercise his right of rescission by notifying the creditor within the prescribed time limit of his intent to rescind." *Id.* It then found, however, based upon "an incomplete record," no abuse of discretion in the trial court's imposition of an equitable condition, *i.e.,* an award of interest on the unpaid note balance, upon the right of rescission.

*Rachbach* was based upon the court's inherent authority to do equity, rather than upon any express statutory language permitting the court to modify the procedures prescribed therein, as the last sentence of subsection (b), stating "[T]he procedures prescribed by this subsection shall apply except when otherwise ordered by a court," had not yet been added to the statute. *See* 15 U.S.C. § 1635(b) (1994). The court reasoned:

Rachbach argues that the trial court erred in awarding interest on the unpaid note balance. Rescission is an equitable remedy. (citations omitted.) Section 1635(b) says that when an obligor exercises his right to rescind "he is not liable for any finance or other charge." This provision does not preclude a court from doing equity. In its denial of motions to amend findings and grant a new trial, the district court said: "(T)he provision of 15 U.S.C. § 1635(b) with respect to the disallowance of interest or finance charges after rescission is inapplicable to this case because the plaintiff has had the benefit of the use of the loan proceeds and * * * the payment of interest on those loan proceeds is an equitable condition to the right of rescission * * *."

*Rachbach*, 547 F.2d at 505. This holding was reached despite the statutory language, then as now, which states that upon rescission, the obligor "is not liable for any finance or other charge." Thus, the Tenth Circuit has imposed equitable considerations to modify the clear language of the statute, although not in the context of rescission procedure.

The analysis in *Rachbach* leads this court to conclude that although a debtor's tender back is not mandated as a prerequisite to rescission, it may be an appropriate condition attached thereto under certain circumstances because of the equitable nature that statutory remedy. Although the right to rescind may be statutorily granted, it remains an equitable doctrine subject to equitable considerations. *Brown v. National Permanent Federal Savings and Loan Association*, 683 F.2d 444, 447 (D.C.Cir.1982). Within the meaning of this law, "rescission" does not mean an annulment that is definitively accomplished by unilateral pronouncement, but rather a remedy that restores the *sta-*

*tus quo ante.* *Ray v. Citifinancial, Inc.*, 228 F.Supp.2d 664 (D.Md. Oct.28, 2002). Thus the court may condition rescission and the return of monies under the equitable remedy of 15 USCA § 1635(b) on the debtors' return of property received in connection with the transaction.

This interpretation is confirmed by TILA's legislative history, which clarifies that "the courts, at any time during the rescission process, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required by the act." S.Rep. No. 368, 96th Cong., 2d Sess. 29 (1980), reprinted in 1980 U.S.C.C.A.N. 236, 265.

The court is not persuaded that statutory revisions to TILA or its regulations after *Rachbach* alter this result. The first sentence of subsection (b) states that "when an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission." The last sentence of subsection (b), added after *Rachbach* was decided, states that "the procedures prescribed by this subsection shall apply except when otherwise ordered by a court." The court finds that the debtor's act of notifying the creditor of rescission and the resultant voiding of the creditor's security interest in the first sentence of subsection (b) is one of the "procedures" which the last sentence in the subsection expressly permits the court to modify. *See* Black's Law Dictionary on Westlaw (Garner, Ed., 7th ed.1999), defining "procedure" as "1. A specific method or course of action."

The court reaches this conclusion despite its awareness that the current language of Regulation Z, added in 1981, does

not expressly include the "automatic" voiding of the security interest upon rescission among those procedures it specifically authorizes a court to modify. *See Williams v. Homestake Mortgage Co.,* 968 F.2d 1137, 1141–42 (11th Cir.1992); *Regency Savings Bank v. Chavis,* 333 Ill.App.3d 865, 267 Ill.Dec. 504, 776 N.E.2d 876 (2 Dist.2002) (both rejecting argument that FRB Regulation Z means that the voiding of the creditor's security interest may not be conditioned on the consumer's tender because that technical reading of the regulation is not a realistic recognition of the full scope of the statutory scheme.)

Conditioning the avoidance of Advanta's mortgage on the return of its money by the Quenzers gives effect to the plain language of § 1635 without offending the policy underlying the rescission doctrine. This court cannot accept the proposition that strict enforcement of TILA justifies rendering a debt in the amount at issue here unpaid and completely unsecured, given the passage of time and other circumstances present. Even though the defendant violated TILA, automatically relegating its entire claim to unsecured status under these circumstances would be completely inequitable and would exact a penalty entirely disproportionate to its offense.

■ Accordingly, the court holds that the bankruptcy court may impose conditions that run with the voiding of a creditor's security interest upon terms that would be equitable and just to the parties in view of all the surrounding circumstances, and that it should require the debtors' return of property received in connection with the transaction as a condi-

tion to rescission in this case. Because the bankruptcy court mistakenly believed that such modification was outside the scope of its authority, the court vacates the judgment of that court and remands the case for imposition of such conditions, including a potential assessment of interest on Advanta's claim from the time of the transaction until the Quenzers rescinded it.

● **Statute of Limitations**

■ Advanta next contends that the Quenzer's claim for statutory damages[2] is barred by the statute of limitations. Advanta asserts that the governing statute of limitations, 15 U.S.C. § 1640(e), provides a one year limitation for statutory damages in stating that "any action...may be brought...within one year from the date of the occurrence of the violation." *Id.* The mortgage loan transaction was consummated on June 7, 1997, which the parties agree is the date of the occurrence of the violation. Because the Quenzer's adversary action was not brought until December 10, 1999, Advanta contends it is time barred.

The Quenzers agree that they would "typically" be barred from recovering statutory damages by the one-year statute of limitations, but contend that their damages are permitted "as a matter of defense by recoupment," as provided by 15 U.S.C. § 1640(e). Because Advanta filed a Proof of Claim form in the Quenzer's bankruptcy action, seeking to collect its debt from them, Quenzers believe they may seek civil penalties as a matter of defense, without the bar of the one-year statute applicable to actions initiated by the debtor.

The relevant subsection provides:

2. The bankruptcy court assessed statutory damages in the amount of $250 for Advanta's failure to honor the Quenzers' valid rescission request, and in the amount of $250 for The Mortgage Banc's disclosure violation, but stated that in the event Advanta saved its mortgage lien, it believed the "penalties should be fixed at $2000 each, for a total of $4000."

Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law. . . .

15 USC § 1640(e).

The bankruptcy court found that "Advanta has filed a proof of claim in the debtor's bankruptcy case, seeking to collect against its debt from the debtors and making applicable the second sentence of § 1640(e), which allows the debtors to seek the civil penalties as a matter of defense by recoupment or set-off." (Dk. 11, Appendix, Order Determining the Claim of Defendant, p. 9).

Advanta recognizes the plain language in the second sentence of this subsection, but contends that recoupment can be used only defensively, thus this language is inapplicable to cases such as this one in which a debtor hails the creditor into court, taking affirmative action. Advanta focuses upon the Quenzer's filing of their complaint seeking affirmative relief from the bankruptcy court, *i.e.*, a declaration that Advanta's lien is void and its debt unsecured.

■ As a general matter a defendant's right to plead "recoupment," a " 'defense arising out of some feature of the transaction upon which the plaintiff's action is grounded,' " (citations omitted), survives the expiration of the period provided by a statute of limitation that would otherwise bar the recoupment claim as an independent cause of action. So long as the plaintiff's action is timely, *see ibid.*, a defendant may raise a claim in recoupment even if he could no longer bring it independently . . .

*Beach v. Ocwen Federal Bank*, 523 U.S. 410, 415, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998).

It appears to this court that the Quenzer's did not raise Advanta's TILA violation defensively as recoupment, as a counterclaim, or as an objection to Advanta's Proof of Claim, but instead affirmatively asserted it in their Complaint to Enforce Truth in Lending Rescission. Dk. 11, Appendix, Complaint, p. 5, ¶ 19, p. 6 ¶ e. If so, the Quenzer's claim for statutory damages would appear to be barred by the one-year statute of limitations. Because the bankruptcy court has greater expertise in construing its own pleadings, however, the court will not resolve this issue, but will remand it for further consideration by the bankruptcy court.

IT IS THEREFORE ORDERED that the decisions the bankruptcy court dated May 31, 2001, and December 7, 2001, are reversed and the case is remanded for further proceedings consistent with the views expressed herein.