In re James Brent STANLEY, Debtor.

James Brent Stanley, Plaintiff,

v.

Household Finance Corporation III, Defendant.

Bankruptcy No. 02–20893.
Adversary No. 02–6066.

United States Bankruptcy Court,
D. Kansas.

Oct. 8, 2004.

**604**

Kenneth M. Gay, Consumer Advocate LLC, Lenexa, KS, for Plaintiff.

Todd W. Ruskamp, Shook, Hardy & Bacon LLP, Kansas City, MO, for Defendant.

## MEMORANDUM OPINION

ROBERT D. BERGER, Bankruptcy Judge.

▮ This proceeding is before the Court on the plaintiff's motion for summary judgment.[1] The plaintiff appears by counsel Kenneth M. Gay. The defendant Household Finance Corporation III appears by counsel Todd W. Ruskamp and Kristen F. Trainor. The pleadings do not contest the core nature of this proceeding. The Court finds that this proceeding is core under 28 U.S.C. § 157 and the Court has jurisdiction under 28 U.S.C. §§ 1334 and 157.[2]

In March 2001, the parties entered into an agreement wherein the defendant loaned the plaintiff $111,297.38. To secure the obligation, the plaintiff granted the defendant a mortgage on his home (the loan and mortgage events are hereinafter

referred to as the "Transaction"). On July 15, 2002, the plaintiff filed a complaint seeking a determination that, pursuant to the Truth–in–Lending Act and accompanying regulations, he properly rescinded the Transaction and that, as a result, the defendant no longer had an enforceable mortgage on his homestead. In addition, the complaint seeks statutory damages against the defendant for its failure to honor his notice of rescission and the costs of this action together with reasonable attorney's fees. The Court has reviewed the plaintiff's motion for summary judgment and the memorandum submitted in support thereof, as well as the memorandum submitted in opposition, in consideration of which the Court rules and enters judgment as follows:

1. The defendant did not provide the plaintiff with notice of his right rescind their credit transaction in the manner prescribed by the Truth–in–Lending Act, 15 U.S.C.A. § 1601, *et seq.* ("TILA"), and its accompanying regulations in 12 C.F.R. part 226, otherwise known as Regulation Z. As a result, the defendant violated the TILA and the plaintiff provided a timely notice of his intention to rescind to the defendant.

2. Pursuant to TILA § 1635(b), voiding the defendant's mortgage on the plaintiff's dwelling is a procedure that this Court may equitably condition to effect rescission. However, the record is insufficient to consider the equities in voiding the defendant's mortgage as a consequence of validly exercising a right to rescind. Therefore, an evidentiary hearing will be set forthwith to determine

---

1. Doc. # 27.

2. Bankruptcy courts sit as courts of equity and "appl[y] the principles and rules of equity jurisprudence." *Young v. United States,* 535 U.S. 43, 50, 122 S.Ct. 1036, 152 L.Ed.2d 79 (2002) (citations omitted).

what factors, if any, warrant equitably modifying the rescission procedure.

3. Pursuant to TILA § 1640(a)(2)(A)(iii), the plaintiff may be entitled to an award of statutory damages for the defendant's failure to honor his notice of rescission. The Court reserves judgment on statutory damages until such time it issues judgment on the equitable conditions, if any, it will place on voiding the defendant's security interest in the plaintiff's homestead as an effect of rescission.

4. Pursuant to TILA § 1640(a)(3), the plaintiff is entitled to recover the costs of this action together with a reasonable attorney's fee. The Court reserves judgment on an award of attorney's fees and costs until such time it issues judgment on the equitable conditions, if any, it will place on voiding the defendant's security interest in the plaintiff's homestead as an effect of rescission.

## Background

The parties do not dispute the nature of the Transaction or that the Transaction is governed by the TILA. Under the TILA, a debtor ordinarily has three days to rescind such transactions and must be informed of this right by the creditor. However, when a creditor fails to provide the debtor proper notice of the right to rescind or provides notice that does not comply with the TILA requirements, the debtor's right to rescind is extended for up to three years from the date of consummation of the transaction.[3] Believing he had not been given the disclosures required by the TILA and that his right to rescind had been extended, the plaintiff notified the defendant by letter of his intention to rescind the Transaction on or about May 7, 2002. The defendant, who acknowledges receiving the plaintiff's request for rescission shortly thereafter, denies that it provided inadequate disclosure and, consequently, contends the plaintiff failed to timely exercise his right to rescind. The plaintiff, who filed for Chapter 13 protection on March 21, 2002,[4] subsequently commenced this adversary proceeding to determine the validity of the rescission of the Transaction with the defendant.

The plaintiff contends that he had an extended period to rescind the Transaction on two grounds. First, the plaintiff alleges that the defendant provided only one copy of a notice of a right to rescind the Transaction in violation of Regulation Z § 226.23, which requires a creditor to provide a debtor with two copies of the notice. Second, the plaintiff contends that the defendant failed to provide certain disclosures required by TILA in a clear and conspicuous manner as prescribed by TILA § 1635(h) and Regulation Z § 226.23(b)(2).

To support his first contention, that the defendant failed to provide two copies of the notice of right to rescind, the plaintiff has provided an affidavit that, in summary, states all of the documents he received from the Transaction with the defendant were placed in an envelope by one of the defendant's employees, that the envelope was stored unopened and undisturbed in a file storage area above the plaintiff's desk, and that he learned the defendant failed to provide the appropriate TILA disclosures only after consulting with his attorney, who also reviewed the Transaction docu-

---

**3.** *See* 15 U.S.C. § 1635(f).

**4.** The plaintiff's underlying bankruptcy proceeding was converted from Chapter 13 to Chapter 7 on June 13, 2003.

ments.[5] However, the plaintiff did not specifically claim in his affidavit that he received only one copy of his notice of right to rescind and also concedes that he signed an acknowledgment stating that he received two copies of the notice of the right to rescind.

The defendant, in response, points to the plaintiff's concession that he signed the acknowledgment and argues that the acknowledgment, which creates a rebuttable presumption that a mortgagee received the required number of disclosures,[6] produces a question of fact that precludes summary judgment on that ground. Despite requesting and receiving two deadline extensions for a total of 27 additional days in which to file its Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, the defendant has otherwise not provided support for its factual contentions. Instead, the defendant proffers that despite its inability to obtain an affidavit, it "believes a representative will be available to testify at trial that [the] Plaintiff received the proper disclosures, including the Notice of Right to Cancel."[7]

To support his second contention, that the notice of right to rescind provided by the defendant did not disclose certain required information in a clear and conspicuous manner, as required by the TILA, the plaintiff directs the Court's attention to a disclosure form attached to its Memorandum in Support of Plaintiff's Motion for Summary Judgment that has two alternate paragraphs which, when marked in a corresponding box, signify two different types of transactions. Neither paragraph's corresponding box is marked in the form submitted by the plaintiff. Although the plaintiff fails to present the disclosure form by affidavit or declaration in violation of D. Kan. LBR 7056.1(c), the defendant does not raise an objection to the disclosure form and further does not dispute that "[the] Plaintiff's copies of the Notice did not have a box checked."[8] Despite any procedural shortcomings, it is clear that the parties do not dispute the form and substance of the notice of right to rescind received by the plaintiff. Therefore, because it appears neither parties' interests will be prejudiced, the Court, for the purposes of this Memorandum Opinion only, will accept the copy of the notice of right to rescind provided by the plaintiff as a true and accurate representation of the actual notice of right to rescind received by the plaintiff.

### Discussion

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and is made applicable to adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Rule 56(c) makes summary judgment appropriate when, after consideration of the record, the court determines that "there is no genuine issue as to any material fact and that the moving party is entitled to a

---

5. The Court notes the plaintiff's contention that he did not receive the required disclosures is not set forth in his support brief in the statement of uncontested material fact as required by D. Kan. LBR 7056.1. However, both the contention and the affidavit relied upon are clearly set forth in the argument section of the plaintiff's support brief. The Court, believing the plaintiff has substantially complied with the local rules and that no party will be prejudiced as a result, will ac-

cept the plaintiff's contentions as though they were proffered in compliance with the local rules.

6. 15 U.S.C. § 1635(c).

7. See Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. (Doc. # 36) at n. 3.

8. See Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. (Doc. # 36) at p. 8.

judgment as a matter of law."[9] In determining whether any genuine issues of material fact exist, the court must construe the record liberally in favor of the party opposing the summary judgment.[10] An issue is "genuine" if sufficient evidence exists on each side "so that a rational trier of fact could resolve the issue either way" and "[a]n issue is 'material' if under the substantive law it is essential to the proper disposition of the claim."[11] The moving party has the burden of establishing that he or she is entitled to summary judgment.[12]

Here, the plaintiff is entitled to summary judgment if he demonstrates that there is no genuine issue of material fact that either (1) the defendant did not provide the plaintiff with the requisite number of right-to-rescind disclosures, or (2) the single disclosure provided to the plaintiff by the defendant inadequately conveys the required TILA disclosures.

### A. TILA Background

 Some background knowledge about the TILA is helpful when evaluating claims made under it. Congress enacted the TILA to regulate the disclosure of the terms of consumer credit transactions in order "to aid unsophisticated consumers and to prevent creditors from misleading consumers as to the actual cost of financing."[13] Disclosure allows consumers to compare different financing options and their costs.[14] To encourage compliance, TILA violations are measured by a strict liability standard, so even minor or technical violations impose liability on the creditor.[15] The consumer-borrower can prevail in a TILA suit without showing that he or she suffered any actual damage as a result of the creditor's violation.[16]

### B. Right to Rescind

In transactions covered by the TILA, the borrower is entitled to a right to rescind the transaction that is established by TILA § 1635. The right to rescind lasts for three days so long as the lender gives the borrower the disclosures required by the TILA and a notice of the right to rescind; the right lasts up to three years if the lender fails to give the disclosures and notice. Section 1635 provides in relevant part:

> (a) Disclosure of obligor's right to rescind
>
> Except as otherwise provided in this section, in the case of any consumer credit transaction ... in which a security interest ... is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction until midnight of the third business day following the

---

9. FED.R.CIV.P. 56(c).

10. *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir.1988) (citation omitted).

11. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir.1998).

12. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

13. *Morris v. Lomas & Nettleton Co.*, 708 F.Supp. 1198, 1203 (D.Kan.1989) (citing *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356, 363–69, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973)).

14. 15 U.S.C. § 1601(a).

15. *See, e.g., Mars v. Spartanburg Chrysler Plymouth, Inc.*, 713 F.2d 65, 67 (4th Cir.1983) ("To insure that the consumer is protected, as Congress envisioned, requires that the provisions of [the TILA and Reg. Z] be absolutely complied with and strictly enforced.").

16. *Herrera v. First N. Savings & Loan Ass'n*, 805 F.2d 896, 900 (10th Cir.1986).

consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so. The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.

. . .

(f) Time limit for exercise of right

An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this part have not been delivered to the obligor, except [the time can be extended further if an agency empowered to do so has instituted a proceeding to enforce the TILA within three years of the transaction and certain other criteria are met].[17]

The Board of Governors of the Federal Reserve System, the "Board" referred to in the statute,[18] has promulgated extensive regulations implementing the TILA,[19] all of which it calls Regulation Z.[20] The defendant acknowledges and acquiesces that Regulation Z § 226.23(b), which specifically addresses a borrower's right to the notice of right to rescind, requires a creditor to deliver two copies of the notice of the right to rescind to each consumer entitled to rescind a transaction, which must clearly and conspicuously disclose the following:

1. The retention or acquisition of a security interest in the consumer's principal dwelling;

2. The consumer's right to rescind the transaction;

3. How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business;

4. The effects of rescission; and

5. The date the rescission period expires.

■ Regulation Z's requirements are significant because the permissible construction and interpretation of a statute promulgated by an agency charged with the statute's enforcement must be granted deference by the courts.[21] This is especially true in the context of the TILA and Regulation Z, where even official staff interpretations of the statute and regulation should control unless shown to be irrational.[22] As the Court finds nothing irrational about the disclosure requirements set forth in section 226.23(b) of Regulation Z, its terms will control the subsequent analysis.

17. 15 U.S.C. §§ 1635(a) and (f).

18. 15 U.S.C. § 1602(b).

19. 12 C.F.R. Part 226 (2003).

20. See 12 C.F.R. § 226.1(a).

21. *Chevron U.S.A., Inc., v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–44, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

22. *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559–70, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980).

### 1. Number of Disclosures Provided to Plaintiff

■ To succeed in his motion for summary judgment on the ground that the defendant failed to provide two copies of the notice of right to rescind, the plaintiff must demonstrate no genuine issue of material fact exists regarding the defendant's failure to provide the requisite number of disclosure copies. The plaintiff concedes that he signed an acknowledgment that indicated his receipt of the required disclosures in duplicate. However, a written acknowledgment of receipt "does no more than create a rebuttable presumption of delivery" of the documents.[23] Addressing the presumption, the plaintiff suggests that his testimony by affidavit is sufficient to rebut the presumption and justifies summary judgment in his favor. This Court disagrees and joins the majority of courts ruling that a borrower's testimony that he did not receive the two copies of the right to rescind disclosures required by TILA creates a question of fact to be decided at trial.[24]

■ Even if this Court were to consider an affidavit or declaration as sufficient grounds for overcoming the presumption, the plaintiff's affidavit fails to assert that he only received one copy of the required disclosures. Instead, the plaintiff states in vague terms that he provided his attorney with the documents he received from the defendant at the time of the Transaction and that "[his] attorney discovered that Defendant failed to provide [him] with the appropriate disclosures required under the Truth in Lending Act and explained [his] rescission rights under that Act."[25] While it appears that the plaintiff believes that the defendant failed to provide the appropriate disclosures, this Court cannot grant summary judgment based on conjecture and the legal conclusions drawn by the plaintiff's counsel. Representations of uncontested fact, absent stipulation or concession, must be specifically supported by affidavit or declarations under penalty of perjury. Such is not the case here, and summary judgment in favor of the plaintiff on the ground that the defendant failed to provide two copies of the notice of right to rescind is inappropriate.

### 2. Adequacy of the Disclosure

■ Under the TILA, the defendant was required to "clearly and conspicuously" disclose the plaintiff's right to rescind the Transaction.[26] To determine whether the notice given to the plaintiff was clear and conspicuous, this Court must scrutinize the circumstances of the Transaction. The parties do not dispute that the plaintiff received at least one notice of right to rescind disclosure form or the substance of the form provided. The defendant, while acknowledging it provided the plaintiff with an incomplete notice of right to rescind form, argues that when "closely scrutinized," the provided notice satisfies the disclosure requirements.[27] As an initial observation, the Court does not believe disclosure revealed only after close scrutiny is clear and conspicuous.

The form the defendant provided the plaintiff, in approximate form, is set forth below:

**23.** 15 U.S.C. § 1635(c).

**24.** *See In re Jones,* 298 B.R. 451, 459 (Bankr. D.Kan.2003) (compiling cases).

**25.** *See* Aff. of Pl. James Brent Stanley (Doc. # 23), ¶ 5–14.

**26.** 15 U.S.C. § 1635(a); *see* 12 C.F.R. § 226.23(b)(2).

**27.** *See* Def.'s Mem. in Opp'n to Pl.'s Mot. for Summ. J. (Doc. # 36) at p. 10.

### NOTICE OF RIGHT TO CANCEL

BORROWER'S NAME AND ADDRESS LOAN NO: [Number omitted]
[Plaintiff's address omitted]

YOUR RIGHT TO CANCEL

You are entering into a new transaction and you have agreed to give us a mortgage, lien or security interest on your home in this transaction. You have a legal right under federal law to cancel this transaction and the new mortgage, lien or security interest on your home, without cost, within three business days from whichever of the following events occurs last:

(1) the date of this transaction, which is 03/27/01 or such later date you sign your loan documents; or

(2) the date you receive your Truth-In-Lending disclosures for this transaction; or

(3) the date you received this notice of your right to cancel.

( ) New Loan: *You are entering into a transaction that will result in a mortgage, lien or security interest on your home. You have a legal right under federal law to cancel this transaction as stated above. If you cancel this transaction, the mortgage, lien or security interest is also canceled. Within 20 calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on your home has been canceled and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.*

( ) Refinancing Existing Loan: *You are entering into a new transaction to increase the amount of credit previously provided to you by us. Your home is the security for this new transaction. You have a legal right under federal law to cancel this transaction as stated above. If you cancel this new transaction, it will not affect any amount that you presently owe. Your home is already the security for that amount. Within 20 calendar days after we receive your notice of cancellation of this new transaction, we must take the steps necessary to reflect the fact that your home does not secure the increase of credit. We must also return any money you have given to us or anyone else in connection with this new transaction.*

If you cancel this transaction, you may keep any money or property we have given you in this transaction until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 calendar days of your offer, you may keep it without further obligation.

HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at

 [address omitted]

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram you must send the notice no later than midnight of 03/30/01 (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

 I WISH TO CANCEL

 Consumer's Signature Date

I certify that I received this Notice in duplicate.
 (SEAL)
 (SEAL) (SEAL)

If the form does not clearly and conspicuously set forth the disclosures required by Regulation Z § 226.23(b), then the plaintiff is entitled to summary judgment.

First, a notice of right to rescind must disclose a creditor's retention or acquisition of a security interest in the consum-

er's principal dwelling.[28] Here, the disclosure provided by the defendant begins by stating "[y]ou are entering into a new transaction and you have agreed to give us a mortgage, lien or security interest on your home in this transaction," which is both clear and succinct, leaving little room for ambiguity or confusion regarding the defendant's retention or acquisition of a security interest in the plaintiff's home. Second, a notice of right to rescind must literally disclose a consumer's right to rescind the transaction.[29] The form provided by the defendant clearly and unambiguously sets forth the right to rescind with the following:

> You have a legal right under federal law to cancel this transaction and the new mortgage, lien or security interest on your home, without cost, within three business days from whichever of the following events occurs last:
>
> (1) the date of this transaction, which is 03/27/01 or such later date you sign your loan documents; or
>
> (2) the date you receive your Truth–In–Lending disclosures for this transaction; or
>
> (3) the date you received this notice of your right to cancel.

The third and fifth requirements, that the disclosure provide the date the rescission period expires [30] and explain how to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business,[31] are also clearly and unambiguously satisfied in the form provided by the defendant, which states:

HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at

[Address omitted]

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram you must send the notice no later than midnight of 03/30/01 (or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

This Court concludes, however, that the fourth disclosure requirement, that the notice disclose the effects of rescission, is not clearly or conspicuously discernable in the form provided to the plaintiff. In the present case, it appears the defendant chose to provide two alternate paragraphs to describe the effects of rescinding either refinancing an existing loan or entering into a new loan transaction. The paragraphs, set forth below, have boxes that when checked designate different types of transaction:

> ( ) New Loan: You are entering into a transaction that will result in a mortgage, lien or security interest on your home. You have a legal right under federal law to cancel this transaction as stated above. If you cancel this transaction, the mortgage, lien or security interest is also canceled. Within 20 calendar days after we receive your

---

**28.** 12 C.F.R. § 226.23(b).

**29.** *Id.*

**30.** *Id.*

**31.** *Id.*

612

notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on your home has been canceled and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

( ) Refinancing Existing Loan: You are entering into a new transaction to increase the amount of credit previously provided to you by us. Your home is the security for this new transaction. You have a legal right under federal law to cancel this transaction as stated above. If you cancel this new transaction, it will not affect any amount that you presently owe. Your home is already the security for that amount. Within 20 calendar days after we receive your notice of cancellation of this new transaction, we must take the steps necessary to reflect the fact that your home does not secure the increase of credit. We must also return any money you have given to us or anyone else in connection with this new transaction.

■ The form provided to the plaintiff had neither paragraph marked. While the defendant's contention may be accurate that upon close scrutiny the disclosure form provides all of the information required by Regulation Z § 226.23(b), both the TILA and Regulation Z require clear and conspicuous disclosure. Clarity is a function of whether the notice is subject to more than one plausible or sensible interpretation.[32] If the notice is subject to two or more sensible readings, and different results ensue depending upon which of the two readings is adopted, the creditor has

not provided the consumer with "clear notice of what [the] right to rescind entail[s]." [33] This Court concludes that the defendant's incomplete form cannot be clear and conspicuous disclosure because two different outcomes may result from the selection of the different unmarked paragraphs. If the first paragraph is marked, the borrower is instructed that upon rescission the entire security interest resulting from the Transaction is cancelled. If the second paragraph is marked indicating the refinancing of an existing loan, the borrower is instructed that canceling the Transaction will not affect any amount that he presently owes because his home is already the security for that amount. These are two distinct, sensible readings that yield different results, and cannot be considered clear notice of what the right to rescind entails when read together.

■ The defendant urges this Court to review the overall circumstances of the Transaction when evaluating the sufficiency of the notice provided by the lender. The problem with this argument is twofold. First, the defendant has been unable to produce any affidavit or declaration to support its contentions. While the parties are in agreement as to the form and substance of the actual disclosure, any additional facts proffered without support cannot be considered. Second, even if there were additional facts to consider, the TILA is primarily a disclosure statute that does not require the consumer to suffer actual prejudice in order to maintain a cause of action.[34] "[The] TILA achieves its remedial goals by a system of strict liability in favor of the consumers when mandated

32. *In re Apgar*, 291 B.R. 665, 672 (Bankr. E.D.Pa.2003) (citing *Porter v. Mid–Penn Consumer Discount Co.*, 961 F.2d 1066, 1076 (3d Cir.1992)).

33. *Id.*

34. *Id.* (citing *Williams v. Empire Funding Corp.*, 109 F.Supp.2d 352, 360 (E.D.Pa. 2000)).

disclosures have not been made." [35] Creditors failing to comply with the TILA in any respect are liable under the statute regardless of the violation or the creditor's intent. [36] Therefore, whether the plaintiff is entitled to rescind a transaction covered by § 1635 and Regulation Z depends upon whether he received a clear notice of his right to rescission, not whether he was actually prejudiced by any ambiguity in the lending agreement. [37] As a result, this Court must find liability with respect to any violation, no matter how technical.

For the reasons set forth, this Court concludes the form provided by the defendant was inadequate and, as a result, the plaintiff had an extended period of three years within which to rescind the Transaction. The plaintiff, having received an inadequate notice of right to rescind disclosure from the defendant, timely provided notice of rescission of the Transaction by letter on May 7, 2002.

### C. Effect of Rescission

When an obligor exercises his or her right to rescind under TILA § 1635(a), "any security interest given by the obligor ... becomes void[.]" [38] The plaintiff, seizing upon this language, asks this Court to enter an order declaring the security interest derived from the Transaction void. However, the defendant argues that this Court can and should, for equity's sake, condition rescission and the voiding of its security interest on the plaintiff's tender of the remaining principal due under the Transaction.

The defendant's position is supported by the majority of the Circuits that have considered the issue. [39] In the Tenth Circuit, however, the lower courts have disagreed on whether voiding a security interest may be conditioned upon such tender of remaining principal. [40] The genesis of the disagreement stems from the language of § 1635(b), which is set forth below:

**(b) Return of money or property following rescission.**

When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the credi-

---

35. *See Porter,* 961 F.2d at 1078.

36. *Id.*

37. *See Id.*

38. 15 U.S.C. § 1635(b).

39. *See, e.g., Yamamoto v. Bank of New York,* 329 F.3d 1167 (9th Cir.2003), *cert. denied* — U.S. ——, 124 S.Ct. 1146, 157 L.Ed.2d 1042 (2004); *Williams v. Homestake Mortgage Co.,* 968 F.2d 1137, 1140–42 (11th Cir.1992); *FDIC v. Hughes Development Company,* 938 F.2d 889, 890 (8th Cir.1991), *cert. denied* 502 U.S. 1099, 112 S.Ct. 1183, 117 L.Ed.2d 426 (1992).

40. *See, e.g., In re Quenzer,* 266 B.R. 760 (Bankr.D.Kan.2001) (concluding courts do not have equitable discretion to condition rescission under the TILA), *rev'd by Quenzer v. Advanta Mortgage Corp.,* 288 B.R. 884 (D.Kan. 2003) (concluding courts do have equitable discretion to condition rescission under the TILA); *In re Webster,* 300 B.R. 787 (Bankr. W.D.Okla.2003) (concluding courts do have equitable discretion to condition rescission under the TILA).

tor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable, or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court.[41]

Courts split when considering the last sentence in § 1635(b), which states that "[t]he procedures prescribed by this subsection shall apply except when otherwise ordered by a court."[42] Courts concluding that voiding a security interest may not be equitably conditioned focus on the word "procedures" in § 1635(b). They conclude that "procedures" should be read to mean "steps to be followed" or "actions to be taken" subsequent to rescission, which would exclude the voiding of a security interest upon notice of rescission and which is the consequence of the notice of rescission, an action that has already been taken.[43] This interpretation is afforded support by Regulation Z § 226.23(d), which reads:

**(d) Effects of rescission.**

(1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.

(2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.

(3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value. At the consumer's option, tender of property may be made at the location of the property or at the consumer's residence. Tender of money must be made at the creditor's designated place of business. If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation.

(4) The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order.[44]

■ As this Court has already observed, when an agency charged with enforcing a statute has promulgated a regulation that adopts a permissible construction of the statute, a court must defer to that interpretation and not impose its own.[45] Regulation Z § 226.23(d)(4) prohibits a court from modifying the ef-

---

41. 15 U.S.C. § 1635(b).

42. *Id.*

43. *See, e.g., Quenzer,* 266 B.R. at 763–64, *rev'd by Quenzer,* 288 B.R. 884; *In re Williams,* 291 B.R. 636 (Bankr.E.D.Pa.2003).

44. 12 C.F.R. § 226.23(d).

45. *Chevron U.S.A., Inc.,* 467 U.S. at 842–844, 104 S.Ct. 2778.

fect of subsection (d)(1) of § 226.23, which includes the provision voiding any security interest upon rescission. Therefore, this Court must determine whether excluding the voiding of a security interest upon rescission from the procedures a court may modify is a permissible construction of TILA § 1635(b).

It is well-established that "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." [46] When considering an agency's construction of the statute which it administers, if a court determines that "Congress has directly spoken to the precise question at issue," then "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." [47] This Court does not believe that Regulation Z § 226.23(d)(4) is a permissible construction of TILA § 1635(b) and respectfully disagrees with courts that conclude voiding a security interest upon rescission cannot be conditioned on equitable principles because the voiding is a consequence of rescission, not a "step to be followed" or "action to be taken." Rescission "does not mean an annulment that is definitively accomplished by unilateral pronouncement, but rather a remedy that restores that

*status quo ante*," and the voiding of the security interest is a step in the procedure outlined in TILA § 1635(b) that begins upon a creditor's receipt of the notice of rescission from a debtor. [48]

This interpretation is consistent with TILA's legislative history, which provides that "the courts, *at any time during the rescission process*, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required by the act." [49] This Court is persuaded that the voiding of a security interest is one of the procedures that may be equitably modified to effect rescission by the specific references in the legislative history to bankruptcy as an instance wherein a court may choose to modify rescission procedures. [50] Had Congress intended otherwise, there would be no reason to mention bankruptcy, as a creditor's secured interest in a debtor's homestead would be void upon rescission, relegating the debtor's remaining obligations to an unsecured, often dischargeable status. The net effect, then, would be that a debtor receives the entire benefit of the credit transaction, often substantial sums of money or what amounts to a free house, while the creditor receives nothing, which would be contrary to the purpose of rescission. [51] The concept that

---

**46.** *Lamie v. U.S. Trustee,* 540 U.S. 526, ——, 124 S.Ct. 1023, 1030, 157 L.Ed.2d 1024 (2004) (citation omitted).

**47.** *U.S. v. Haggar Apparel Co.,* 526 U.S. 380, 392, 119 S.Ct. 1392, 143 L.Ed.2d 480 (1999) (citing *Chevron U.S.A., Inc.,* 467 U.S. at 842–43, 104 S.Ct. 2778).

**48.** *Accord Quenzer v. Advanta Mortgage Corp.,* 288 B.R. 884, 888–89 (D.Kan.2003) (concluding that "the debtor's act of notifying the creditor of rescission and the resultant voiding of the creditor's security interest in the first sentence of [TILA § 1635(b)] is one of the 'procedures' which the last sentence in the subsection expressly permits the court to

modify."); *see also Williams,* 968 F.2d at 1142.

**49.** S.Rep. No. 368, 96th Cong., 2d Sess. 29 (1980) (emphasis added), *reprinted in* 1980 U.S.C.C.A.N. 236, 265.

**50.** *Id.*

**51.** *In re Webster,* 300 B.R. 787, 804 (Bankr. W.D.Okla.2003) (rejecting debtor-plaintiff's "Free House" theory under which she petitioned the court to allow her to keep her house free and clear of the defendant's lien without mention of complying with the duties imposed upon her by the TILA).

a debtor is entitled to a free home or financial windfall because a creditor failed to check a box on a notice of right to rescind form is an irrational result that fails to recognize the full scope and policy behind the TILA's rescission framework. Therefore, to the extent Regulation Z § 226.23(d)(4) prohibits a court's right to equitably condition the voiding of a security interest upon notice of rescission, it is manifestly contrary to the statute and an irrational construction that does not bind this Court.[52] The Board should not contradict the clear expression in TILA § 1635(b) as to what courts may modify.

▬ Having established that voiding a security interest is one of the procedures that may be modified to effect rescission, this Court is left to determine whether deviating from the TILA's statutory framework is warranted under the facts and circumstances of this proceeding. The record is insufficient to determine whether conditioning the voiding of the defendant's security interest on the plaintiff's property is justified by principles of equity. Therefore, the parties will be afforded an opportunity to present evidence at a hearing to be set at a later date on the financial circumstances surrounding the Transaction and the propriety of equitably conditioning the voiding of the defendant's security interest in the plaintiff's home.

### D. Statutory Damages

▬ The plaintiff argues that he is entitled to an award of statutory damages for the defendant's failure to honor his notice of rescission. This Court agrees. The TILA entitles borrowers not only to rescis-

sion, but also to statutory damages under § 1640 for failure to honor a notice of rescission.[53] Section 1640(a)(2)(A)(iii) of the TILA provides that statutory damages of "not less than $200.00 or greater than $2000.00" may be awarded to the plaintiff for the defendant's failure to honor his notice of rescission.[54] The Court reserves judgment on statutory damages until such time it issues judgment on the equitable conditions, if any, it will place on voiding the defendant's security interest in the plaintiff's homestead as an effect of rescission.

### E. Attorney's Fees and Costs

▬ Pursuant to TILA § 1640(a)(3), the plaintiff seeks to recover the costs of this action together with a reasonable attorney's fee. Having successfully established that the defendant violated the TILA in the Transaction, he is entitled to such relief. The Court reserves judgment on an award of attorney's fees and costs until such time it issues judgment on the equitable conditions, if any, it will place on voiding the defendant's security interest in the plaintiff's homestead as an effect of rescission.

### *Conclusion*

For the reasons set forth above, the Court concludes that the defendant did not provide the plaintiff with adequate disclosure of his right to rescind the Transaction and therefore violated the TILA. As a result, the plaintiff is entitled to rescind the Transaction, to statutory damages, and to attorney's fees and costs. However, the

---

**52.** *Chevron U.S.A., Inc.,* 467 U.S. at 844, 104 S.Ct. 2778 (referring to EPA regulations, the Supreme Court stated "[s]uch legislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute.").

**53.** 15 U.S.C. § 1635(g) ("[I]n addition to rescission, the court may award relief under section 1640 ... for violations of this subchapter not relating to the right to rescind.").

**54.** 15 U.S.C. § 1640.

Court concludes that voiding a security interest is one of the procedures that may be modified to effect rescission and additional evidence is necessary to determine whether conditioning the voiding of the defendant's security interest on the plaintiff's property is justified by principles of equity.[55] Therefore, the plaintiff's request that the Court declare the defendant's mortgage on the plaintiff's principal dwelling void and unenforceable is denied at this time. A supplemental order shall be entered forthwith setting an evidentiary hearing on the equitable conditions, if any, are appropriate to place on voiding the defendant's security interest in the plaintiff's homestead as an effect of rescission.

**55.** This Court may but does not have to impose conditions that run with the voiding of the mortgage.