2021 IL App (1st) 191338-U

No. 1-19-1338

Order filed March 31, 2021

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| DONNA HAMMOND A/K/A DONNA M. | ) | |
| HAMMOND, | ) | |
| | ) | 16 CH 12501 |
| Defendant-Appellant; | ) | |
| | ) | |
| GEORGE HAMMOND; DEBBIE GARDER; | ) | |
| CAPITAL ONE BANK (USA), N.A.; | ) | |
| SUCCESSOR IN INTEREST TO CAPITAL | ) | |
| ONE BANK, | ) | Honorable |
| | ) | Darryl B. Simko, |
| Defendants. | ) | Judge Presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Gordon and Justice Reyes concurred in the judgment.

ORDER

¶ 1    *HELD:* We affirm the circuit court's ruling granting Nationstar's motion to confirm the judicial sale of the subject property and denying defendant's motion to set aside and vacate the sale.

¶ 2    Defendant-appellant Donna Hammond, a.k.a. Donna M. Hammond, appeals from an order

of the circuit court confirming the judicial sale of her single-family home and denying her motion to vacate and set aside the judicial sale in this mortgage foreclosure action brought by plaintiff-appellee Nationstar Mortgage LLC (Nationstar). Defendant contends that when she filed her Chapter 13 bankruptcy petition on December 10, 2018, at 8:49 a.m., the filing triggered the automatic stay provisions of section 362(a) of the Bankruptcy Code (11 U.S.C. § 362(a)), thereby staying the judicial sale of her home scheduled for 11:00 a.m. that same day.

¶ 3    As a result, defendant argues that the judicial sale of her home on December 10, 2018, was conducted in violation of section 362(a) of the Bankruptcy Code and therefore the sale was invalid. Accordingly, defendant maintains that the circuit court erred in failing to grant her motion to vacate and set aside the judicial sale.[1] We affirm the judgment of the circuit court due to the inadequate record on appeal.

¶ 4                                I. BACKGROUND

¶ 5    The following background facts and procedural history are taken from the common law record and the parties' appellate briefs. Notably, the record on appeal does not contain a transcript of the proceedings before the circuit court nor a bystander's report. Especially significant is the absence of a transcript of the circuit court hearing on defendant's motion to vacate and set aside the judicial sale.

¶ 6    Documents in the record show that on May 5, 2006, defendant, as borrower, executed a promissory note in the principal amount of $395,000, in favor of Axis Bancorp, Inc., as the lender. The note was secured by a mortgage, also dated May 5, 2006, which encumbered real property commonly known as 14313 Wooded Path Lane, Orland Park, Illinois.[2] The mortgage and note

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon entry of a separate written order.

[2] A review of the mortgage shows that George Hammond signed the mortgage solely to waive his homestead rights.

were subsequently assigned to Nationstar in July 2013.

¶ 7    On April 27, 2015, defendant filed a Chapter 13 petition (No. 15-14923) which was closed on June 7, 2016. She filed a Chapter 7 petition (No. 15-38676) on November 13, 2015, which was closed on March 25, 2016.

¶ 8    Defendant failed to make monthly payments pursuant to the terms of the note and mortgage and was in default as of September 2016. After defendant failed to cure the default, Nationstar accelerated the note.

¶ 9    On September 21, 2016, Nationstar filed a complaint against defendant to foreclose the mortgage pursuant to sections 15-1504(a)(1) through (a)(3) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1504(a)(1) – (a)(3) (West 2012)). The complaint joined as defendants George Hammond; Debbie Gardner; Capital One Bank (USA), N.A. as successor in interest to Capital One Bank; and unknown owners and non-record claimants.[3] Nationstar alleged that defendant was in default on her mortgage loan in the amount of $272,470.90 in unpaid principal.

¶ 10    Nationstar brought suit in its capacity as the holder of the note and attached to the complaint a copy of the mortgage, note with an allonge, assignment of mortgage, and loan modification agreement. In the complaint, Nationstar listed the mortgagee as Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender Axis Bancorp, Inc.

¶ 11    The defendant, Donna M. Hammond, represented by counsel, filed an answer to the complaint on February 14, 2017, asserting the affirmative defense that Nationstar violated section 15-1502.5 of the Code of Civil Procedure (Code) (735 ILCS 5/15-1502.5 (West 2010)), by failing to send her a grace-period notice prior to filing its complaint. In reply, Nationstar claimed that

_____

[3] These defendants have not entered appearances or otherwise participated in this appeal.

defendant's affirmative defense made reference to a statute that no longer existed.[4]

¶ 12    On February 27, 2017, Nationstar moved for summary judgment (735 ILCS 5/2-1005 (West 2012)) and judgment of foreclosure and sale. On May 15, 2017, the circuit court granted Nationstar's motion for summary judgment against defendant Donna M. Hammond, and entered an order of default against the remaining named defendants. The court also entered judgment of foreclosure and sale, and appointed Intercounty Judicial Sales Corporation (Intercounty) as the selling officer.

¶ 13    On May 17, 2017, Nationstar filed a notice of entry of default and judgment of foreclosure with the clerk of the circuit court. On July 4, 2017, an attorney with Intercounty mailed a notice of sale to defendant and other named defendants notifying them that a judicial sale of the subject property was scheduled for August 18, 2017. The judicial sale was rescheduled to October 16, 2017.[5]

¶ 14    On October 13, 2017, defendant filed an emergency motion to stay the foreclosure sale of the subject property. Defendant maintained that she was actively working with her lender to obtain a loan modification and was requesting that the foreclosure sale be continued or stayed to allow the mortgage lender and its servicer to try and resolve the loan modification request.

¶ 15    On October 16, 2017, the same day the judicial sale was scheduled to proceed, the circuit court entered an order denying defendant's emergency motion to continue or stay the sale. Also on that same day, defendant filed a second Chapter 13 petition (No. 17-30906) which was closed on January 5, 2018.

---

[4] Section 15-1502.5 of the Code was repealed by its own terms on July 1, 2016. Section 15-1502.5(c) required that when a mortgage secured by residential real property became more than 30 days delinquent, the mortgagee was required to send the mortgagor, via U.S. mail, what was referred to as a grace-period notice advising the mortgagor that his or her loan was more than 30 days past due and that they had a 30-day grace period to obtain approved housing counseling. 735 ILCS 5-1502.5(c) (West 2010).

[5] The record does not disclose how or when the judicial sale was rescheduled from August 18, 2017, to October 16, 2017, and subsequently delayed until December 10, 2018.

¶ 16　Defendant filed a third Chapter 13 petition (No. 18-09629) on April 2, 2018. While this petition was pending, on October 26, 2018, an attorney with Intercounty mailed a notice of sale to defendant and other named defendants notifying them that a judicial sale of the subject property was scheduled for December 10, 2018, at 11 a.m.

¶ 17　On December 10, 2018, at approximately 8:49 a.m., the day the foreclosure sale was scheduled to take place, defendant filed her fourth Chapter 13 petition (No. 18-34066). This time, however, the judicial sale proceeded as scheduled. Nationstar was the successful bidder at the sale with a bid of $343,849.74, leaving an *in rem* deficiency of $136,625.91.

¶ 18　Nationstar filed a motion to confirm the judicial sale, and in response, defendant filed a motion to set aside and vacate the judicial sale. Defendant argued that the judicial sale should have been automatically stayed when she filed her Chapter 13 petition on December 10, 2018, hours before the sale was scheduled to occur.[6]

¶ 19　Nationstar responded with two arguments. First, it argued that the automatic bankruptcy stay was not in effect at the time of the judicial sale because the defendant's fourth Chapter 13 petition fell under the exception of the automatic stay provisions of the bankruptcy code. Section 362(c)(4)(**A**)(i) of the bankruptcy code provides an exception to the automatic stay triggered by the filing of a bankruptcy petition if two or more prior petitions have been dismissed within the same year. 11 U.S.C. § 362(c)(4)(**A**)(i). And second, Nationstar argued that defendant's motion to vacate and set aside the judicial sale should be denied at the outset because defendant's attorney did not list an e-mail address on the motion in compliance with Illinois Supreme Court Rule 131(d)(1) which provides in relevant part that "[a]ll documents filed or served in any cause by an attorney upon another party shall bear the attorney's name, business address, e-mail address, and

---

[6] In her motion to set aside and vacate the judicial sale, defendant did not specify the section of the Foreclosure Law under which she sought relief.

5

telephone number." Ill. S. Ct. R. 131(d)(1) (eff. Jan. 1, 2018).

¶ 20    On April 8, 2019, the circuit court entered an order setting a briefing schedule and hearing date for Nationstar's motion to confirm the judicial sale and defendant's motion to set aside and vacate the sale. The court's order granted each party time to plead and respond, and a hearing was set for May 30, 2019.

¶ 21    On May 30, 2019, the circuit court held a hearing on the parties' motions, responses, and replies. After hearing argument, the circuit court granted Nationstar's motion to confirm report of sale and distribution and for possession. The court denied defendant's motion to set aside and vacate the sale. Defendant appeals.

¶ 22                              II. ANALYSIS

Defendant's sole argument on appeal is that the circuit court erred in granting Nationstar's motion to confirm the judicial sale of her home.

¶ 23                         A. Standard of Review

¶ 24    This court reviews a circuit court's decision regarding whether a judicial sale should be confirmed or set aside under an abuse of discretion standard. *BMO Harris Bank, N.A. v. Wolverine Properties*, LLC, 2015 IL App (2d) 140921, ¶ 26; see also *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*, 2013 IL App (1st) 120711, ¶ 32 ("[c]ircuit courts are given broad discretion in confirming or rejecting judicial sales.") A circuit court abuses its discretion only when its ruling is arbitrary, fanciful, or unreasonable, or where it rests on an error of law. *Urban Partnership Bank v. Chicago Title Land Trust Co.*, 2017 IL App (1st) 162086, ¶ 15.

¶ 25                    B. Confirmation of the Judicial Sale

¶ 26    "An order of confirmation completes a sale of property." *Citimortgage, Inc. v. Moran*, 2014 IL App (1st) 132430, ¶ 25 (citing *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 181 (2008)).

"Thus, it is the confirmation of sale that ultimately divests the borrower of her property rights." *Wells Fargo Bank, N.A. v. McCluskey*, 2013 IL 115469, ¶ 30.

¶ 27    "Confirmation of judicial sales is governed by section 15-1508 of the [Foreclosure Law]." *Household Bank, FSB*, 229 Ill. 2d at 178 (citing 735 ILCS 5/15-1508 (West 2004)). Under subsection (b) of the statute, the circuit court must conduct a hearing on confirmation of the judicial sale and will confirm the sale unless the court finds: (1) improper notice; (2) unconscionable terms of sale; (3) a fraudulent sale; or (4) that justice was otherwise not done. 735 ILCS 5/1508(b)(i-iv) (West 2016); *Household Bank, FSB*, 229 Ill. 2d at 178.[7]  Once a plaintiff files a properly supported motion to confirm the sale and notice for a hearing, "the interested party opposing the sale bears the burden of proving that grounds exist sufficient for the trial court to not enter an order approving the sale." *Sewickley, LLC v. Chicago Title Land Trust Co.*, 2012 IL App (1st) 112977, ¶ 35.

¶ 28    In this appeal, defendant contends that the circuit court erred in confirming the judicial sale of her home on December 10, 2018. In support of this contention, defendant argues that when she filed her Chapter 13 bankruptcy petition on December 10, 2018, at 8:49 a.m., the filing triggered the automatic stay provisions of section 362(a) of the Bankruptcy Code (11 U.S.C. § 362(a)), thereby staying the judicial sale of her home scheduled for 11:00 a.m. that day. Accordingly, defendant claims that the circuit court erred in failing to grant her motion to vacate and set aside the judicial sale.

¶ 29                                III. Inadequate Record on Appeal

¶ 30    Our review of defendant's claim is fatally hampered by the fact that we have no transcript or bystander's report of the hearing in which the circuit court granted Nationstar's motion to confirm the judicial sale and denied defendant's motion to set aside and vacate the sale. As the

---

[7] We reiterate that in her motion to set aside and vacate the judicial sale, defendant does not specify under which subsection of 1508(b) the motion is filed. This has no bearing on our resolution of the appeal.

appellant, defendant has the burden to present a sufficiently complete record of the circuit court proceedings to support any claims of error, and in the absence of such a record, this court will presume that the order entered by the circuit court conformed with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts arising from an incomplete record will be resolved against the appellant. *Id.*

¶ 31    Pursuant to Illinois Supreme Court 323 (eff. July 1, 2017), in lieu of a circuit court transcript, an appellant may file a bystander's report (Rule 323(c)), or an agreed statement of facts (Rule 323(d)). Defendant has filed neither. The record before this court consists of only common law documents. These documents alone are insufficient to allow this court to find any error by the circuit court.

¶ 32    In its response to defendant's motion to set aside and vacate the judicial sale, Nationstar filed a response motion in the circuit court presenting two separate arguments in opposition to defendant's motion. First, Nationstar argued that pursuant to section 362(c)(4)(A)(i) of the bankruptcy code, no automatic stay was in effect at the time of the judicial sale because defendant had filed more than two bankruptcy petitions within the same year. As mentioned, section 362(c)(4)(A)(i) of the bankruptcy code provides an exception to the automatic stay triggered by the filing of a bankruptcy petition if two or more prior petitions have been dismissed within the same year. 11 U.S.C. § 362(c)(4)(A)(i). Second, Nationstar argued that defendant's motion to vacate and set aside the judicial sale should be denied at the outset because defendant's attorney did not list an e-mail address on the motion in compliance with Illinois Supreme Court Rule 131(d)(1) which provides in relevant part that "[a]ll documents filed or served in any cause by an attorney upon another party shall bear the attorney's name, business address, e-mail address, and telephone number." Ill. S. Ct. R. 131(d)(1) (eff. Jan. 1, 2018).

¶ 33    The circuit court's written order of May 30, 2019, granting Nationstar's motion to confirm the judicial sale and denying defendant's motion to set aside and vacate the sale, reveals that the circuit court "heard oral arguments" on the issues before making its ruling. However, without a transcript or bystander's report of this hearing in the record, this court is unable to discern which of the two arguments, or both, raised below by Nationstar was the basis for the circuit court's ruling confirming the judicial sale and denying defendant's motion to set aside and vacate the sale. Moreover, this court cannot discern if there was any additional reasoning or rationale that provided the basis for the circuit court's ruling. Under these circumstances, this court must presume that the circuit court acted in conformity with the law and ruled properly after considering the presented evidence and legal arguments. *Corral v. Mervis Industries, Inc.,* 217 Ill. 2d 144, 156-57 (2005); *Foutch*, 99 Ill. 2d at 391-92; *Regency Savings Bank v. Chavis*, 333 Ill. App. 3d 865, 870 (2002); Co.

¶ 34    For the foregoing reasons, we affirm the order of the circuit court granting Nationstar's motion to confirm the judicial sale and denying defendant's motion to set aside and vacate the sale.

¶ 35    Affirmed.